[Crim. No. 2413. Second Appellate District, Division One.—January 23, 1934.]

THE PEOPLE, Respondent, v. FRED A. BEATCHER, Appellant.

Thomas W. Cochran for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

YORK, J.—This is an appeal from the order denying defendant's motion for a new trial. As stated by appellant:

"This appeal involves the following questions of law, to-wit:

"(1) The evidence was insufficient to sustain a finding of guilty by the Court.

"(2) The finding of guilty was contrary to law and contrary to the evidence for the reason above stated.

"(3) The court erred in denying defendant's motion for a new trial."

An examination of the entire record discloses a conflict in the evidence. The defendant was found guilty by the court, sitting without a jury, as to counts 1 and 2 of the information, and not guilty as to count 3. No sentence was imposed by the court, because of an application for probation, which was granted.

■ An examination of the evidence discloses the fact that there was sufficient evidence to justify the finding of guilty on the two counts specified. This disposes of points one and two made by appellant. As to point three, that the court erred in denying defendant's motion for a new trial, we find no abuse of discretion in the court's order. No question is raised by appellant that is not answered by the statement that there was sufficient evidence to support a conviction.

The order is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. Without duplicating the extensive examination of the record which has been made by Mr. Justice York, I think that the order should be affirmed for yet another reason.

■ Defendant's claim that the decision against him was contrary to the evidence was not actually and definitely presented to the trial court for decision. I will here state the entire record of the proceeding on motion for a new trial. The minutes of the court as shown in the clerk's transcript show that on May 24, 1933, "Defendant's oral motion for a new trial is denied." The reporter's transcript of the case for the same day, on the same subject, reads as follows: "Mr. Cochran: At this time, may it please the court, I desire on behalf of the defendant, and defendant does, to make oral motion for new trial, on all the statutory grounds, and submit it without argument. The Court: Motion denied."

I would not here contend that upon a motion for new trial thus presented, the court would have been without jurisdictional authority to grant that motion and order a new trial. But when the defendant appeals from an order

denying such motion, it is incumbent upon him to show affirmatively that in the trial court's consideration of the motion and decision thereon there was some abuse of discretion. The bald statement to the trial court that the defendant made his motion for new trial "on all the statutory grounds", without argument and without suggestion of any definite reason for granting the motion, did not fairly and reasonably call for decision upon any indicated question in the case. Essentially, it failed to bring to the attention of the court any one reason why a new trial should be granted. The motion was just a general appeal to the world of legal possibilities. Although courts of appeal are created to review and correct errors of trial courts, the law intends (so I believe) that upon a motion for a new trial, the trial court shall be given an opportunity to consider and determine some definite question or claim on which the motion depends, before a court of appeal will be required to review an order denying the motion. In this case if, by critical examination of the complicated and very long record, it could be demonstrated that the evidence was not sufficient to prove that any crime was committed, the facts relied upon, and the results to which they point, should have been brought to the attention of the court below.

Houser, J., concurred.