[Crim. No. 2775. Second Appellate District, Division One.—November 12, 1935.]

THE PEOPLE, Respondent, v. MARGARET MORTEN-SEN, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—Defendant having been convicted of the crime of petty theft, in connection with which it was established that theretofore she had been convicted of a felony for which she had served a term of imprisonment in this state, she appeals from the judgment which was rendered against her, as well as from the order by which her motion for a new trial was denied.

The first point presented by appellant is that the evidence was insufficient to support the judgment. No useful purpose would be served by a recital of the evidence that was adduced on the trial of the action. Suffice it to say that, after a careful examination of the evidence in connection with the legal principles of law applicable thereto as attested by many decisions by the appellate tribunals of ·this state, it manifestly appears that appellant's point in that regard cannot be sustained.

By an allegation contained in the information that was filed against defendant she was charged with the commission by her "of the crime of petty theft" with prior conviction of a felony, to-wit: "burglary, a felony . . . ";

and that for the commission by defendant of said felony she had "served a term of imprisonment therefor in a penal institution". In that regard, appellant complains of certain rulings made by the trial court by which her demurrer to the complaint was overruled and her motion to strike out was denied.

By referring to the clerk's transcript herein, it is disclosed that defendant's demurrer, besides being general in its nature, in effect also contained the objection to the complaint that it was indefinite and uncertain in that "it cannot be ascertained therefrom what offense, if any, was committed by the defendant". The motion to strike related to the words "prior conviction of a felony, to-wit, burglary, a felony".

It is clear that neither of said objections is tenable. In "ordinary and concise language", as hereinabove indicated, and in accord with the provisions of section 969, section 667 (as the latter was in effect at the time of the trial of defendant and at the time when judgment was pronounced against her), and sections 950, 951 and 952, of the Penal Code, it appears that defendant was charged with having committed the offense of "petty theft with prior conviction of a felony". Paraphrasing the pertinent language of the statute last cited, the "words" employed in the information filed against defendant were "sufficient to give the accused notice of the offense of which she was charged". See *People* v. *Hillard,* 103 Cal. App. 698 [284 Pac. 1070] ; *In re Boatwright,* 216 Cal. 677 [15 Pac. (2d) 755].

Appellant also complains that, although a motion for a new trial was made by her, the trial court failed to rule on such motion. The immediate circumstances connected with the said motion are disclosed by the following record of the proceedings, as are set out in the reporter's transcript, to wit:

"The Court: *People* v. *Mortensen.* There was a motion for new trial, wasn't there, in this case?

"Mr. Groene: No, sir, but I can make it now.

"The Court: Yes, you may go ahead.

"Mr. Groene: I make a motion for new trial."

No grounds for granting the motion were then specified, or ever presented or argued to the trial court. However, without specifically ruling upon said motion, defendant was

immediately then and there arraigned for judgment; at the close of which arraignment, the judge of the trial court made the usual inquiry, "Is there any legal cause to show why judgment should not now be pronounced?" To which question, the attorney who represented defendant replied, "There is no legal cause . . . "

Regarding the circumstance that defendant failed to specify any grounds for granting her motion, it has been held that even where such a motion is made "on all the statutory grounds", in the absence of argument or suggestion made by the moving party of any definite reason for granting the motion, an appellate tribunal will not reverse an ensuing judgment or order. (*People* v. *Beatcher,* 136 Cal. App. 337 [28 Pac. (2d) 943].) Moreover, the notice of appeal given by defendant contains the statement that she appeals "from the order of the Court on July 8, 1935, *denying the motion of defendant for a new trial herein".*

It is most evident that both the judge of the trial court and the defendant regarded the action of the court, to which reference has been had, as a denial of the motion for a new trial; and that defendant waived any irregularity that may have been present in the proceeding.

Appellant registers further complaint to the effect that the trial court committed prejudicial error in sentencing the defendant to the state prison, instead of to the county jail; also, that defendant was entitled to probation, which the trial court denied. In that connection, appellant relies upon the present provisions of section 667 of the Penal Code, to the effect that defendant was punishable "by imprisonment in the county jail not exceeding one year or in the state prison not exceeding five years". An examination of the history of the provisions of that statute, and particularly the clause thereof to which appellant has referred, reveals the fact that such clause did not become effective until a date some time after the date when the judgment was pronounced against her. As the statute existed prior to and at the time of the pronouncement of such judgment, the decision rendered by the trial court was well within its provisions; and even assuming (without deciding) that the case was one wherein defendant might have been admitted to probation, it is well settled that whether the trial court will

grant probation to a convicted defendant is one that rests within the discretion of such court.

The judgment and order are affirmed.

York, J., concurred.

Doran, J., being disqualified, does not participate in this decision.