[Crim. No. 5239.   Second Dist., Div. Two.   Mar. 18, 1955.]

THE PEOPLE, Respondent, v. HENRY BAUMAN, Appellant.

Forno & Umann and Joseph T. Forno for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MOORE, P. J.—The questions for decision are (1) whether the trial court abused its discretion in denying defendant's motion to set aside his plea of guilty to two counts of issuing checks without sufficient funds and (2) whether it was error to suspend proceedings as to the same counts and grant probation for 10 years.

On April 21, 1954, appellant was arraigned in the Municipal Court of Long Beach Judicial District before Judge Wallace on a complaint of six counts charging the felonious issuance of checks without sufficient funds. He was accompanied by counsel of his own choosing and pleaded guilty to two counts. The remaining four counts were dismissed. Prior to the acceptance of his plea, however, Judge Wallace vigorously inquired whether appellant understood the charge against him or comprehended the significance of his act in entering a plea of guilty. He asked appellant whether the latter understood his constitutional rights to a preliminary hearing and to a jury trial in the superior court and told him there was no hurry. "We don't want you to feel in three days that you have been railroaded." In answer to further questioning, appellant stated substantially:

"I understand the court's position. No one has held out promises of immunity to get me to take the position that I wish to plead guilty to these two counts. Nobody has promised me that I will be dealt with more leniently or will be treated more liberally by the superior court if I plead guilty here.

Neither Mr. Kartz nor any other police officer has promised me immunity or reward for pleading guilty now. I am acting freely and voluntarily. I am aware of the nature of the charges, six counts of issuing checks to the Pacific Finance Corporation without sufficient funds. That corporation was defrauded by the checks. I understand the nature of the charge. I desire to plead guilty now to the two counts solely because I am guilty of those two crimes.''

Appellant thereupon formally entered his pleas of guilty to counts one and three and the court and all counsel consented to the entry of the pleas.

Judge Wallace then certified to the superior court the plea of guilty to the two counts. On April 26, appellant and his counsel waived time for sentence and requested leave to file an application for probation. Such leave was granted, and June 1 was set for hearing the application and for pronouncing judgment. ■ On that day, Attorney Forno was substituted as counsel for appellant and he filed his motion to set aside the plea of guilty and to be permitted to enter a plea of not guilty. Continuances of the matter brought the final hearing on the motion to July 6 when all witnesses were heard and the motion was argued and denied. Attempt is made to appeal such order. It is not appealable. (*People* v. *Ottenstror*, 127 Cal.App.2d 104, 111 [273 P.2d 289].) On July 12, proceedings were suspended and probation was ordered. This is the judgment on review. (Pen. Code, § 1237.)

■ A plea of guilty having been entered, the defendant must show good cause, with convincing evidence, to warrant its being set aside. ■ The granting of such relief rests in the sound discretion of the trial court. ■ Its order will not be reversed by the reviewing court unless an abuse of discretion is clearly shown. (*People* v. *Ottenstror, supra*; *People* v. *Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566]; *People* v. *Broady*, 120 Cal.App.2d 901, 903 [262 P.2d 669].)

A plea of guilty is not a light matter. ■ When a person is accused of a felony and comprehends fully the significance of a judgment of guilty, and pleads guilty, he is in no position thereafter to claim that he is presumed to be innocent or to argue the doctrine of reasonable doubt. He is restricted to the grounds authorized as bases for vacating a plea of guilty. ■ He neither pleaded nor proved that he was menaced or threatened to induce his plea; he was given no fraudulent promise to induce it and was attended by his counsel when he entered his plea before the magistrate. That

official went to extreme pains to see that appellant understood his act. Having, under such circumstances, entered his plea, he admitted every element of the charge which admission constitutes conclusive proof of guilt. (*People* v. *Outcault*, 90 Cal.App.2d 25, 30 [202 P.2d 602].)

The attempt to establish a psychopathic condition of appellant at the time of entering his plea of guilty was also ineffective. Dr. Reese had treated him for an emotional disorder in November 1953. His patient was very agitated, but "calmed down. He was in a marked state of apprehension and anxiety, he was confused and despondent and his judgment was greatly impaired." But the trial court appraised Dr. Reese as extremely confused and his statements were contradictory. Neither did appellant improve his standing by his own testimony. On behalf of the People, Officer Kartz perceived that when the plea was entered April 21, appellant was oriented, normal, not confused and knew what he was doing. He was neither upset nor nervous when he appeared in the judge's chambers the day he pled guilty, but was calm. His poise was best illustrated after his application for probation had been filed. He began to transfer some motor cars to the north in such a way as to use the proceeds for purposes other than restitution. Because of such activities, the court issued a bench warrant for appellant in order that "he could be brought in and taken out, and questioned. . . . It was thereafter . . . that defendant felt he should change his plea because he was in custody." Having found no indication that appellant was not mentally capable of entering the pleas and that, as Dr. Crahan found, he knew what he was doing at the time he pled guilty, the court denied the motions to vacate the order granting probation and to withdraw the plea of guilty.

The appeal from the order denying the motion to set aside his plea of guilty is dismissed.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.