[Crim No. 1419. Fourth Dist. Oct. 26, 1959.]

THE PEOPLE, Respondent, v. WALTER HORTON, Appellant.

*Assigned by Chairman of Judicial Council.

Walter Horton, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a judgment entered following his plea of guilty to one count charging a violation of Penal Code, section 245 (assault with a deadly weapon), two other counts charging the same offense having been dismissed. The defendant was arraigned on December 17, 1958, and, with counsel present, entered his plea of guilty and applied for probation. Hearing on said application and pronouncement of judgment were continued to December 29, 1958, at which time probation was denied and the court proceeded to pronounce judgment and sentence.

When the defendant was asked if he knew of any reason why judgment should not be passed, he indicated that he desired to talk to his attorney, and the court then declared a recess (striking from the record what appeared to be a previous pronouncement of judgment and sentence) to give the defendant an opportunity to talk to his attorney. When the matter was again called, the record discloses that the defendant was present but his attorney had departed. Upon being asked by the court if there was any reason why judgment should not be pronounced, the defendant stated, ''Well, there might be, but frankly I don't know. As I said, I don't know anything about law.'' The defendant then stated that he had no objection to be sentenced in the absence of his attorney. Judgment and sentence were then pronounced, and the defendant was sentenced to the state prison for the term pre-

scribed by law. Thereafter the defendant filed what purported to be a notice of appeal from the judgment and requested this court to appoint an attorney to represent him on his appeal.

Defendant and his appointed counsel in the proceedings prior to judgment were requested to inform this court of any possible reversible errors in the record. Defendant's former counsel indicated that no reversible error existed to his knowledge but defendant raised several points hereafter discussed. This court then made an independent examination of the record and determined that it would be of no value to the defendant or helpful to this court to have appellate counsel appointed. (*People* v. *Hyde*, 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Marsh*, 170 Cal.App.2d 284 [338 P.2d 495].) Defendant was informed that his request for counsel had been denied and he was requested to file an opening brief or make such other showing as he might desire.

Defendant then filed an opening brief in which he contends: (1) That he was denied due process of law in his "trial" because no evidence was offered to support the plea; (2) That his plea of guilty was obtained by the trick or fraud of his counsel, and; (3) That he was not represented by counsel at the time judgment and sentence were passed, and that therefore he was denied his constitutional rights.

Defendant's complaint that his plea of guilty was insufficient because not supported by testimony is without merit. ■ A plea of guilty admits all of the elements of the offense charged and precludes the necessity for the prosecution to present evidence in support of the allegations contained in the information. (*People* v. *Ottenstror*, 127 Cal.App.2d 104, 109 [273 P.2d 289]; *People* v. *Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566].) Defendant's contention that his guilty plea was obtained by his counsel's promise that probation would be granted is without support in the record and the defendant presents nothing to support his bare allegations on appeal. There is no indication in the record on appeal that an attempt was made in the trial court to withdraw this plea or that defendant, represented then by counsel, was not aware of the legal effect of his plea of guilty. ■ Evidence outside the record may not be considered on appeal. (*People* v. *Collins*, 172 Cal.App.2d 295 [342 P.2d 370]; *People* v. *Justice*, 167 Cal.App.2d 616, 622 [334 P.2d 1031].) ■ A plea of guilty, being a conclusive admission of guilt, is not a light matter and the defendant can obtain permission to withdraw such a plea only upon a showing of good cause supported by con-

vincing evidence. (*People* v. *Johns,* 173 Cal.App.2d 38 [343 P.2d 92]; *People* v. *Bauman,* 131 Cal.App.2d 595, 597 [281 P.2d 74].) Here the record discloses that the defendant made no motion to withdraw his plea either before or after the court indicated that probation would not be granted. ■ In any event, claimed promises made by a defendant's own attorney are not sufficient to vitiate a plea of guilty entered in reliance thereon. (*People* v. *Rose,* 171 Cal.App.2d 171 [339 P.2d 954]; *In re Atchley,* 48 Cal.2d 408 [310 P.2d 15].)

On the other hand defendant's contention that he was not represented by counsel at the time of arraignment for judgment and sentence is supported by the record. ■ As this court said in *People* v. *Havel,* 134 Cal.App.2d 213, 218 [385 P.2d 317]:

"It is a fundamental principle that persons charged with and convicted of public crimes are entitled to the services of their attorneys at all stages of the proceedings, and this includes arraignment for judgment when defendants are asked if they have any legal cause to show why judgment should not be pronounced. A defendant does have certain substantial rights at that time and it may be only a trained legal mind that would understand the significance of this query."

Although the defendant indicated that he did not object to the absence of his counsel, it may be seriously doubted whether he understood the meaning of his "waiver" or the existence of the right he was called upon to waive. ■ Further, it is apparent that defendant was still represented by counsel of record and that the defendant could not be recognized by the court or control the proceedings. (See *People* v. *Merkouris,* 46 Cal.2d 540, 554-555 [297 P.2d 999].) Since no other error appears in the record, defendant should in open court, with counsel present, again be arraigned for judgment and sentence, and his confinement, if any, under the new sentence should be credited upon the new commitment. (Pen. Code, § 2900.1.)

The judgment is reversed and the cause remanded, but for the sole purpose of rearraigning the defendant for judgment and the pronouncing of judgment. *People* v. *Havel, supra.*

Shepard, J., concurred.

A petition for a rehearing was denied November 13, 1959.