[Crim. No. 1832. Fourth Dist. Sept. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH MURPHY, Defendant and Appellant.

Richard S. Henderson, Rudolph J. Basile and Thad D. Williams for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Stanley X. Cook, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant and appellant Joseph Murphy was charged in an indictment with three violations of Penal Code, section 288, in that he committed lewd acts upon his 10-year-old stepdaughter. He was convicted on all three counts after a jury trial.

The events which formed the basis of the third count were observed through windows by defendant's 17-year-old stepson, a neighbor and a police officer. The testimony of these witnesses was corroborated by that of the stepdaughter.

After the jury's verdict was announced, on September 18, 1961, defendant's counsel said:

". . . at this time we would like to make an application for probation hearing and at this time I would like to enter a motion for new trial on all statutory grounds."

Argument on the motion was set for hearing on the same day as the application for probation. The time for pronouncement of judgment was waived in order that a sexual psychopathy determination could be made. Following an examination by doctors, it was determined that defendant was a sexual psychopath but he was not a menace to the health and safety of others. He was remanded to the trial court for further hearing on January 5, 1962. At the hearing, defendant's counsel argued that defendant should be granted probation, but no mention was made of the motion for a new trial. After this argument, the court asked defendant's counsel if there was any legal cause why judgment should not be pronounced. Counsel answered, "No legal cause." The court then sentenced

defendant to consecutive terms in state prison on counts one and two and a concurrent sentence on count three. The court made no reference to or disposition of the purported motion for a new trial. However, the judge, in his remarks, said that he thought that the trial was fairly conducted and the conviction was justified, and he particularly mentioned that the deputy district attorney prosecuting the case had been extremely fair in his presentation.

The only question raised on this appeal is: Under the circumstances, does the fact that the trial judge made no ruling on the purported motion for a new trial cause an automatic granting of a new trial because of Penal Code, section 1202, which provides:

"If no sufficient cause is alleged or appears to the court at the time fixed for pronouncing judgment, as provided in Section 1191 of this code, why judgment should not be pronounced, it must thereupon be rendered; and if not rendered or pronounced within the time so fixed or to which it is continued under the provisions of Section 1191 of this code, then the defendant shall be entitled to a new trial. If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion before pronouncing judgment or the making of an order granting probation, then the defendant shall be entitled to a new trial." Defendant asserts that he is automatically entitled to a new trial under the circumstances. (Citing *People* v. *Prudencio,* 93 Cal.App. 241 [269 P. 698]; *In re Rothrock,* 14 Cal.2d 34 [92 P.2d 634]; *People* v. *Sarazzawski,* 27 Cal.2d 7 [161 P.2d 934].)

It is the contention of the attorney general that the evidence in this case was so overwhelmingly in favor of the verdict that the question of insufficiency of the evidence could not be properly raised, and that there were no errors of law involved; that accordingly no prejudicial error arose by the failure of the trial court to rule upon the motion for new trial; that the right to have a ruling upon the motion as presented was waived by the failure of the defendant's counsel to call to the court's attention the fact that he had made a motion for a new trial and desired to argue it; furthermore, that as part of this waiver, defendant, and his counsel, when asked if there was any legal cause to show why judgment should not be pronounced, stated that there was none. (Citing such authority as *People* v. *Beatcher,* 136 Cal.App. 337 [28 P.2d 943]; *People* v. *Dillard,* 168 Cal.App.2d 158 [335 P.2d 702].)

A mere reading of the testimony of the witnesses, including that of defendant, and the medical testimony, leaves no doubt of the sufficiency of the evidence to support the verdict. This is conceded by counsel for defendant. No errors of law are claimed or pointed out by defendant other than the one here raised and our search reveals none. It is quite apparent therefrom that the trial judge would have been fully authorized to deny a motion for a new trial based on these grounds. It does not therefore affirmatively appear from the oral motion made or contemplated, i.e., ''I would like to enter a motion for new trial on all statutory grounds,'' that the motion was meritorious. Apparently, the trial judge considered the motion as having been made and he continued both the motion and the probation hearing to a subsequent date. Counsel for defendant then indicated that he would like to argue the motion on that day.

On January 5, 1962, after the sexual psychopathy examination and the return of defendant, the probation report was considered. Nothing was said by anyone, including defendant and his counsel, as to the motion for new trial. Defendant's counsel did not ask to argue the motion or point out any reasons why a new trial should be granted.

On denial of the application for probation, the court then asked the defendant if he had any legal cause to show why judgment should not be pronounced at that time and defendant's counsel replied, ''No legal cause.'' No mention was made of any pending motion for new trial and no request was made to be heard on the motion. The court's attention was not called to this omission. Now, for the first time on this appeal, defendant raises the question.

## WAIVER

■ ''The doctrine of waiver is generally applicable to all the rights and privileges to which a person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the constitution, if right or privilege to be waived rests in an individual and is intended for his sole benefit.'' (51 Cal.Jur.2d § 5, pp. 311-313.)

See also *Brownrigg* v. *deFrees,* 196 Cal. 534 [238 P. 714] (statute of limitations) ; *People* v. *Manriquez,* 188 Cal. 602, 606 [206 P. 63, 20 A.L.R. 1441] (time for pronouncing judgment).

■ Here, defendant consented to the hearing of his motion for a new trial together with the hearing on the question of probation. He did not call the attention of the court

to his motion for new trial or to his desire to present it on that occasion. He pointed to no reason why it should be granted.

In *People* v. *Beatcher, supra,* 136 Cal.App. 337, counsel for defendant orally moved for a new trial "on all statutory grounds" and submitted the motion without argument. The court summarily denied it. On appeal, defendant argued that it was error to do so. In disposing of the question, the court said:

". . . upon a motion for a new trial, the trial court shall be given an opportunity to consider and determine some definite question or claim on which the motion depends, before a court of appeal will be required to review an order denying the motion. In this case if, by critical examination of the complicated and very long record, it could be demonstrated that the evidence was not sufficient to prove that any crime was committed, the facts relied upon, and the results to which they point, should have been brought to the attention of the court below."

Reference is made to *People* v. *Dillard, supra,* 168 Cal.App. 2d 158, 167, where counsel for defendant orally stated that he was applying for probation and "also for the purpose of preparing a motion for a new trial." The clerk's transcript reflected an entry that a motion for a new trial was made. At the time of the hearing on the application for probation, no mention was made of the motion for new trial. On appeal from the judgment, the same claim was then made as was made in the instant case. The court there said:

" 'The attention of the Court must be called to it. The Court must be moved to grant the order.' " (Citing *People* v. *Ah Sam,* 41 Cal. 645, 650-651.)

In *People* v. *Mortensen,* 10 Cal.App.2d 124 [51 P.2d 450], counsel for defendant stated, "I make a motion for a new trial." No grounds for granting it were specified, presented or argued to the trial court. The court, without ruling on the motion, arraigned the defendant for judgment and the court then said, "Is there any legal cause to show why judgment should not be now pronounced?" Counsel for defendant said, as in the instant case, "No legal cause." Defendant appealed from the order denying the motion for new trial. The court held that defendant waived any irregularity that may have been present in the proceedings and that it was evident that both the trial judge and defendant regarded the action of the court as a denial of the motion for a new trial.

This court, in *People* v. *Horton,* 174 Cal.App.2d 740, 743 [345 P.2d 45], held that it was a fundamental principle that persons charged with and convicted of public crimes are entitled to the services of their attorneys at all stages of the proceedings, and this includes the arraignment for judgment when defendants are asked if they have any legal cause to show why judgment should not be pronounced; that a defendant does have certain substantial rights at that time and it may be only a trained legal mind that would understand the significance of this query; that although the defendant indicated that he did not object to the absence of his counsel, it may be seriously doubted whether he understood the meaning of his "waiver" or the existence of the right he was called upon to waive. It is an established rule that a party cannot take advantage of the behavior of the trial court by withholding his objections or motions before the trial court, then asserting his rights on appeal after the verdict has been adverse to him. (*People* v. *Jones,* 191 Cal.App.2d 478, 483 [12 Cal.Rptr. 777]; *People* v. *Duncan,* 175 Cal.App.2d 372, 383 [346 P.2d 521]; *People* v. *Kobey,* 105 Cal.App.2d 548, 560 [234 P.2d 251].)

 We are convinced that a waiver was effected in the instant case and, after reading the entire evidence, we conclude that no prejudicial error resulted which would indicate that there was a miscarriage of justice, or that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the alleged error. (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243].)

Judgment affirmed.

Coughlin, J., concurred.