[Crim. No. 1615. Fourth Dist. Nov. 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES R. STATTON, Defendant and Appellant.

John W. Porter, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant-appellant was charged in one count with bringing a narcotic substance into a jail, and in a second count with possession of a narcotic in a jail, in violation of Penal Code, section 4573.6. Represented by counsel, he entered a plea of guilty to the second count. The superior court entered judgment on March 30, 1961, committing defendant to state prison for the term prescribed by law, and also ordering that the sentence run concurrently with relation to his federal sentence. No appeal was taken.

On January 25, 1963, nearly two years later, defendant

filed a document in the superior court purporting to be a motion to vacate the judgment and sentence, alleging that the judgment was void because the court was without power to order concurrent service of state sentence with the federal sentence. (Citing *In re Sichofsky,* 201 Cal. 360, 364 [257 P. 439, 53 A.L.R. 615].)

On March 27, 1963, defendant also filed a document entitled motion for error *coram nobis,* setting forth these grounds and claiming that the federal offense was not an offense punishable under the laws of California and that accordingly the state sentence was void.

On March 29, 1963, defendant filed another document in the form of a motion to vacate the judgment and sentence on the ground that the judgment was void because the evidence was illegally obtained and inadmissible.

On April 1, 1963, an order was made denying all these motions and petitions and on April 8, 1963, defendant appealed from the order.

At defendant's request, this court appointed counsel to represent him on appeal. Counsel filed a memorandum in lieu of a brief. Apparently he has fully examined the record and authorities with commendable diligence and has advised this court that there is no meritorious appeal. It appears that when defendant was sentenced in the state court, he was then in custody under a prison sentence of two and a half years imposed by the federal court in San Diego on February 24, 1961, and these facts were made known to the state court. Counsel for defendant states that he investigated the administration of the sentences imposed upon defendant by the two jurisdictions and finds that appellant was delivered to federal custody immediately after his sentence in the state court and began serving the federal sentence. By cooperation between the prison authorities of the two jurisdictions, he was transferred to state custody in June 1962 but continued to be credited with time served on the federal sentence. Appellant's status under the state sentence is set forth in a letter from the California Director of Corrections, dated June 28, 1963, reading in part: "James Statton was received September 11, 1962 from San Diego County for an indeterminate sentence of 6 months to 5 years. His time commenced to run on that date. In addition, he was credited with 1 year, 5 months and 11 days on his state sentence for time previously served in federal custody.

"This was computed from the date of his sentence in San

Diego County Superior Court to the date of his delivery to our custody and corresponds to the time credited on his federal sentence while in federal custody.

"He is currently at Folsom State Prison serving an indeterminate sentence of 6 mos. to 5 years. . . ."

In part, the contention of defendant is that the federal charge (failure to register as a convicted narcotic violator) was not an offense cognizable under state law at that time, and that the concurrency rule was forbidden under *In re Sichofsky, supra,* 201 Cal. 360, 364; that failure to register as a narcotic violator is now an offense under state law (Health & Saf. Code, § 11850) added by statute in 1961, but appears not to have been so in February of that year when appellant received his federal sentence.

Counsel for defendant concedes that in spite of that rule, the concurrency proviso of the state sentence has been given effect here in exact accord with the decision in *In re Stoliker,* 49 Cal.2d 75 [315 P.2d 12], and the defendant has thus received the full benefit of concurrency, in the form of "double credit" with both state and federal authorities for the first 17⅓ months of his confinement and that he cannot now complain that the judgment and sentence of the state court was void.

Counsel for defendant further concedes that the motion to vacate the judgment and sentence on the ground that the narcotic was illegally seized is not meritorious, since this point was waived by entry of the plea of guilty and failure to raise the question in the lower court or on appeal. (*Robison* v. *Superior Court,* 49 Cal.2d 186 [316 P.2d 1]; *People* v. *Horton,* 174 Cal.App.2d 740 [345 P.2d 45].)

The Attorney General has reviewed the questions endeavored to be presented and concurs that there is no merit to those contentions and adds that petitioner is in no position to challenge the judgment which was patently to his benefit, and that *coram nobis,* or motion to vacate, is not a proper vehicle to challenge the sentence which went unchallenged at the time it was rendered. (Citing *People* v. *Tucker,* 154 Cal. App.2d 359, 363 [316 P.2d 417]; *People* v. *McVicker,* 37 Cal.App.2d 470, 474 [99 P.2d 1110].) We also conclude that the order of the trial court denying the motion and petition for a writ of *coram nobis* should be affirmed.

Order affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.