[Crim. No. 14543. Second Dist., Div. Four. Apr. 21, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES TIMOTHY DONOVAN, Defendant and Appellant.

## COUNSEL

James Timothy Donovan, in pro. per., and Thomas S. Kerrigan, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

KINGSLEY, J.—Defendant was charged with possession of heroin, in violation of section 11500 of the Health and Safety Code; one prior felony conviction was also alleged. He pled not guilty and denied the prior. After a jury trial, he was found guilty and the prior was found to be true. On October 25, 1967, motion for a new trial was made and denied; criminal

proceedings were suspended and proceedings were instituted under the Narcotics Rehabilitation Act, resulting in his commitment to the California Rehabilitation Center under that statute. So far as the record discloses, that order is still in effect and the criminal proceedings are still suspended.

On October 25, 1967, defendant filed an appeal "from (1) the judgment rendered against him and (2) the order denying his motion for a new trial made on October 25, 1967, . . ." We dismiss the appeal from the non-existent judgment; we affirm the order denying a new trial.

■ Since criminal proceedings were suspended prior to the imposition of sentence, and have not been resumed, there is no judgment from which to appeal; the purported appeal "from the judgment" must be dismissed.[1]

At the date herein involved, an appeal did lie from an order denying a motion for a new trial if that order was followed by a narcotic commitment, as was the case here. ■ But an appeal from an order denying a new trial raises only those contentions expressly made in support of the motion in the trial court. A general motion "on all statutory grounds," submitted without argument, does not suffice to raise any issues cognizable on appeal. ■ In *People* v. *Beatcher* (1934) 136 Cal.App. 337, 338-339 [28 P.2d 943], Mr. Presiding Justice Conrey said, with reference to an appeal from an order denying a motion so phrased: "But when the defendant appeals from an order denying such motion, it is incumbent upon him to show affirmatively that in the trial court's consideration of the motion and decision thereon there was some abuse of discretion. The bald statement to the trial court that the defendant made his motion for new trial 'on all the statutory grounds,' without argument and without suggestion of any definite reason for granting the motion, did not fairly and reasonably call for decision upon any indicated question in the case. Essentially, it failed to bring to the attention of the court any one reason why a new trial should be granted. The motion was just a general appeal to the world of legal possibilities. Although courts of appeal are created to review and correct errors of trial courts, the law intends (so I believe) that upon a motion for a new trial, the trial court

---

[1]Even if we were to regard the notice as a premature notice of appeal from the commitment order thereafter made, defendant would gain nothing, since such an appeal would raise only matters involved in the commitment proceeding itself and not matters involved in the underlying criminal proceeding. (*People* v. *Murphy* (1969) 70 Cal.2d 109 [74 Cal.Rptr. 65, 448 P.2d 945].) It is obvious from a series of letters from defendant to this court that it is the criminal case which he desires to have reviewed.

In the case of *People* v. *Collom, post,* p. 925 [94 Cal.Rptr. 307] (filed concurrently herewith) it was suggested that we should treat the notice of appeal as a premature notice of the appeal permitted by the 1968 amendment of section 1237; as we there state, that amendment does not operate retroactively to validate an appeal noticed prior to its enactment.

shall be given an opportunity to consider and determine some definite question or claim on which the motion depends, before a court of appeal will be required to review an order denying the motion." That statement has been cited with approval in at least two subsequent cases (*People* v. *Murphy* (1962) 207 Cal.App.2d 885, 889-890 [24 Cal.Rptr. 803]; *People* v. *Dillard* (1959) 168 Cal.App.2d 158, 166 [335 P.2d 702]); we follow it here.

An examination of the reporter's transcript discloses that the entire proceeding relative to a new trial was as follows:

"MR. RASSMUSSEN: Yes, your Honor. For the record, I would like to make a motion for new trial on all statutory grounds, and I will submit it.

"MR. COHEN: Submitted, your Honor.

"THE COURT: Anything you wish to say, Mr. Donovan, at all?

"THE DEFENDANT: No, sir, not at this time, your Honor.

"THE COURT: The motion is denied. Anything else, gentlemen?"

On this record, we cannot consider the only two contentions urged on us by defendant—alleged error in admission of evidence and failure to instruct on an allegedly lesser offense. For the same reason, the various matters urged on us by defendant in his propria persona letter-brief, filed on October 14, 1970, cannot be considered, since none of them were made the basis for the new trial motion.[2]

The attempted appeal from the nonexistent "judgment" is dismissed; the appeal from the order denying a new trial is affirmed; the requests for augmentation of record are denied.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied May 11, 1971, and appellant's petition for a hearing by the Supreme Court was denied July 14, 1971.

---

[2]In addition, defendant argues various matters occurring at the pretrial stage which could not have been raised on an appeal from any new trial motion, no matter how phrased, nor even on an appeal from a judgment had there been one.

By letters dated January 5, 1971, and March 31, 1971, defendant has requested sundry augmentations of the record on appeal. Since those requests all relate to matters which, for the reason set forth in the opinion, cannot be considered on this appeal, the requests are denied.