[Crim. No. 15287. Second Dist., Div. Four. Apr. 21, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
BRUCE ANTHONY COLLOM et al., Defendants and Appellants.

## COUNSEL

Linn Davis and Richard H. Levin, under appointments by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Gary P. Kesselman and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendants were charged with burglary, in violation of section 459 of the Penal Code; sundry prior convictions were alleged against each defendant. Defendants pled not guilty and denied the priors. A trial by jury resulted in a mistrial. On the second trial, both defendants were found guilty, the verdicts fixing the degree as second degree. The priors were found to be true.[1] Motions for a new trial were made and denied; the criminal proceedings were suspended and the institution of proceedings under the Narcotic Rehabilitation Act was ordered. Those proceedings resulted in the commitment of each defendant to the California Rehabilitation Center. Each defendant filed a notice of appeal from "the judgment of conviction and the denial of the motion for a new trial."[2] We affirm.

---

[1] We discuss, below, a clerical problem with reference to the finding relating to defendant Collom.

[2] Since the clerk's transcript, as originally filed in this court, contained no entries after the order suspending the criminal case, we have (with the concurrence of the Attorney General) augmented the record on appeal by an examination of the superior court file. That file discloses the making of the commitment orders.

## I

■ The briefs discuss the question of the existence of a valid appeal. Since the criminal proceedings were suspended and the record does not disclose any further judgment in the criminal case, it follows that there was no "judgment of conviction" from which to appeal; that portion of the appeal must be dismissed. The order suspending the criminal proceedings and directing the institution of narcotic commitment proceedings, not being an order within section 1237 of the Penal Code, likewise was not appealable. But, at the date herein involved (November 1967) an order denying a motion for a new trial was appealable in cases involving (inter alia) narcotic commitments. That portion of the appeal is valid and before us for determination.

## II

The briefs[3] for defendants raise the following issues: (1) Insufficiency of the evidence of guilt; (2) Insufficiency of the evidence to support any finding as to the alleged priors; (3) No express finding as to the second prior alleged against defendant Collom; (4) Coercion of the jury; (5) Improper instruction on defendants' failure to testify; (6) Improper use at the second trial of testimony given by a witness at the first trial; (7) Error, as to defendant Donovan, with respect to the prior alleged against him.

■ However, an appeal from an order denying a new trial raises, on appeal, only those alleged trial errors which were made the basis of the new trial motion. (*People* v. *Lee Chuck* (1889) 78 Cal. 317, 330 [20 P. 719]; *People* v. *Murphy* (1962) 207 Cal.App.2d 885, 889-890 [24 Cal.Rptr. 803]; *People* v. *Dillard* (1959) 168 Cal.App.2d 158, 165-166 [335 P.2d 702]; *People* v. *Beatcher* (1934) 136 Cal.App. 337, 338-339 [28 P.2d 943].)

The record shows that the new trial motion on behalf of defendant Collom was made solely on the ground of insufficiency of the evidence, and that the motion on behalf of Donovan was made on the same ground, coupled with a request that the prior alleged against him should be stricken "as an act of mercy." It follows that giving to the notice of appeal and the record the widest possible construction, only contentions (1), (2), (3) and (7) are before us on this appeal.[4]

---

[3]Linn Davis was originally appointed to represent both defendants on this appeal; thereafter, after she had filed an opening brief, she was relieved and Mr. Levin was appointed; we permitted the filing of supplemental briefs by him and by the Attorney General. We have considered, so far as appropriate, all matters contained in all of the briefs and other communications to this court.

[4]Even if we treated the notice of appeal as a premature but effective appeal from the order of commitment, it would not bring before us any errors in the criminal proceed-

## III

■ The argument as to the sufficiency of the evidence as to guilt goes only to point out certain inconsistencies in the record and the fact that identification of defendants turned, in part, on circumstantial evidence. These were exclusively for the consideration of the trial jury and the trial court; we are bound, here, by their determinations.

## IV

■ The record indicates that formal record proof of the priors alleged against Collom had been introduced at the first trial, but that as to one of them (a Texas conviction) that physical evidence was not before the court at the second trial. However, the record also shows that counsel made no issue as to the fact of Collom's conviction as alleged. His entire argument, several times made, was that the Texas conviction was for an offense not a crime under California law and, thus, not properly alleged against him. Appellate counsel argues that this tactic was tantamount to an impermissible waiver of a defense by counsel without his client's consent. The record does not support that contention. It is clear that defendant Collom and all counsel knew that the Texas prior was true in fact and that, if demanded, documentary evidence thereof could be produced. Under these circumstances, there was no error in, in effect, stipulating to that fact and proceeding to the only actual issue—the legal effect of the Texas case. As to the second prior, the reporter's transcript shows that proper proof was before the court; the fact that all parties impliedly treated it as formally reintroduced is not ground for reversal.

## V

■ We see no ambiguity in the trial court's finding as to the second Collom prior; the court said: "The Court believes it should find the prior to be true, and does." That the court was referring to the second prior, and that it made an express finding thereon, is obvious from the whole record.

## VI

The clerk's transcript, with reference to Collom, recites that "The al-

ing. (*People* v. *Murphy* (1969) 70 Cal.2d 109 [74 Cal.Rptr. 65, 448 P.2d 945]; *People* v. *Garcia* (1970) 13 Cal.App.3d 486, 488-490 [91 Cal.Rptr. 671].)

Counsel suggests that we should treat the notice as an appeal under section 1237 of the Penal Code as amended in 1968; the notice here was filed in 1967; we do not regard the provision of California Rules of Court, rule 31(a), as authorizing us to give effect to an amendment coming after the date of the notice.

legation of *the* prior felony is found to be true." (Italics added.) This is a clear clerical error. We direct its correction.

## VII

■ With respect to the prior alleged against Donovan, no issue is raised except that the trial court should have exercised its discretion, in view of his youth and other factors, to strike that prior. Assuming that such a matter is reviewable on appeal, it is not before us on this appeal. The record shows that the trial court denied the request "without prejudice," pointing out that the matter would become important only if the narcotic commitment proceedings did not result in a commitment and reserving ultimate decision until the time of final sentence—a time which, according to the record before us, has not yet arrived.

The orders appealed from are affirmed; the clerk of the superior court is directed to correct the minute order of November 22, 1967, relating to defendant Collom, to show that two priors were found to be true, and to notify the Director of Corrections of that correction.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied May 11, 1971, and the petition of appellant Collom for a hearing by the Supreme Court was denied July 14, 1971.