Filed 4/22/22  P. v. White CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EARL DEAN WHITE, JR.,<br><br>Defendant and Appellant | F083226<br><br>(Super. Ct. No. F21902245) |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EARL DEAN WHITE, JR.,<br><br>Defendant and Appellant. | F083534<br><br>(Super. Ct. No. M21902078) |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

---

[*]      Before Poochigian, Acting P. J., Detjen, J. and Snauffer, J.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## BACKGROUND

In a misdemeanor complaint filed on February 5, 2021, in Fresno County Superior Court case No. M21902078, defendant Earl Dean White, Jr., was charged with one count of misdemeanor elder abuse (Pen. Code,[1] § 368, subd. (c)). In a felony complaint filed on March 17, 2021, in Fresno County Superior Court case No. F21902245, he was charged with two counts of assault with a deadly weapon (§ 245, subd. (a)(1)). The superior court declared doubt as to defendant's mental competency to stand trial and suspended criminal proceedings in case No. F21902245 on March 26, 2021, and case No. M21902078 on April 30, 2021. Following a July 15, 2021 hearing, the court found defendant incompetent to stand trial. On August 19, 2021, defendant was committed to the custody of the State Department of State Hospitals for restoration of competency treatment. He was awarded 158 days of custody credit.

On August 23, 2021, defendant filed notices of appeal from the August 19, 2021 commitment order.[2] He contends that the superior court erroneously failed to award conduct credit under section 4019.

---

[1] Subsequent statutory citations refer to the Penal Code.

[2] On January 3, 2022, we granted defendant's motion to consolidate his appeals in the felony and misdemeanor cases under Fifth District Court of Appeal case No. F083226.

2.

## DISCUSSION

"[A]n order determining a defendant to be incompetent and committing him to a state hospital is appealable as a final judgment in a special proceeding." (*People v. Christiana* (2010) 190 Cal.App.4th 1040, 1045, superseded by statute on another ground as stated in *People v. Lameed* (2016) 247 Cal.App.4th 381, 396, fn. 3; see *People v. Lawley* (2002) 27 Cal.4th 102, 131 ["Although it arises in the context of a criminal trial, a competency hearing is a special proceeding, governed generally by the rules applicable to civil proceedings."].) A defendant cannot "use his right to appeal from the order of civil commitment as . . . another vehicle to attack his criminal conviction." (*People v. Murphy* (1969) 70 Cal.2d 109, 114, italics omitted; see *People v. Donovan* (1971) 16 Cal.App.3d 921, 923, fn. 1 [appeal from commitment order "would raise only matters involved in the commitment proceeding itself and not matters involved in the underlying criminal proceeding"].)

The Attorney General argues that the August 19, 2021 commitment order is not appealable because "[defendant]'s claim of error in the calculation of his custody credits relates to the underlying criminal proceedings and not to his competency hearing" and this issue "is outside the scope of an appeal from his competency hearing." Defendant counters that "the calculation of credit at the time of commitment is part and parcel of the special proceeding from which the appeal lies." We agree with defendant that "this matter is properly raised on appeal from the special proceeding." "If the defendant is found mentally incompetent, the trial . . . shall be suspended until the person becomes mentally competent." (§ 1370, subd. (a)(1)(B).) "The court shall order that the mentally incompetent defendant be delivered by the sheriff to a State Department of State Hospitals facility . . . or to any other available public or private treatment facility . . . ." (*Id.*, subd. (a)(1)(B)(i).) "When the court orders that the defendant be committed to a State Department of State Hospitals facility or other public or private treatment facility," prior to the defendant's admission, the court shall provide a copy of "[a] computation or

statement setting forth the amount of credit for time served, if any, to be deducted from the maximum term of commitment," among other things. (*Id.*, subd. (a)(3)(C).)

The Attorney General concedes that defendant "is entitled to conduct credits under section 4019" upon a finding that the August 19, 2021 commitment order is appealable.

## DISPOSITION

We remand the matter to the superior court with directions to calculate the amount of conduct credit to which defendant is entitled under section 4019, issue a minute order reflecting the amended credits calculation, and transmit copies thereof to the appropriate entities. In all other respects, the order is affirmed.