[Crim. No. 4172.   First Dist., Div. One.   May 10, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ANTHONY GANNARO, Defendant and Appellant.

Gregory S. Stout for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., Edward P. O'Brien and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

SULLIVAN, J.—Appellant appeals from a judgment of conviction of possessing heroin (Health & Saf. Code, § 11500) entered after a plea of guilty.

Appellant and his wife, Jean Gannaro, were indicted on November 9, 1961, for an alleged violation of Health and Safety Code section 11500.5 (possession of heroin for sale). Their motion to dismiss the indictment made pursuant to Penal Code section 995 was denied on December 1, 1961. Both defendants thereafter pleaded not guilty and the cause was set for trial on January 8, 1962. The defendants were at all times represented by the same counsel, who was not appellant's present counsel.

On January 8, 1962, when the case was called for trial, the district attorney filed an amendment to the indictment alleging one prior conviction as to the appellant which appellant

denied. With the permission of the court and with his counsel present, appellant thereupon withdrew his former plea of not guilty and substituted a plea of guilty to the lesser and included offense of possessing heroin (Health & Saf. Code, § 11500), was arraigned for judgment and interposed a motion for probation which the court continued for hearing until January 29, 1962. The cause was continued as to the defendant Jean Gannaro until the following day at which time, upon the motion of the district attorney, the court dismissed the indictment as to her "in furtherance of justice."

Appellant's motion for probation eventually came on for hearing on February 5, 1962. At that time appellant appeared with new counsel who is his present counsel. Upon the calling of the case, appellant's counsel after noting the withdrawal of previous counsel addressed the court as follows: "[A]t this time on behalf of Mr. Gannaro I would ask leave of Court to permit the withdrawal of the guilty plea and the current motion in order to enter a not guilty plea, waive jury trial and submit the matter on the record of the Preliminary Hearing transcript and Points and Authorities. There are some issues that I would like to raise."

Appellant's counsel then advised the court that he desired to raise the issue of "staleness" relevant to "[t]he information received by the arresting officers and their actions upon it," stating that he felt that a case pending in the United States Supreme Court would resolve such issue. At the same time such counsel filed in open court a written "Motion To Withdraw Plea of Guilty."[1] Except for the foregoing, the transcript of the oral proceedings[2] of February 5, 1962, does not disclose any other ground urged or showing made in support of appellant's motion to withdraw his plea of guilty. Such motion, together with appellant's pending motion for probation, was then continued until February 23,

[1]This motion alleged that it was made "upon the grounds that while this court considered the reasonableness of the search and seizure that principles of law believed to be determinative were not called to the court's attention. These principles refer to the requirement in constitutional law that the basis of arrest, search and seizure without warrant must be either upon timely, unstale information or for matters which take place within the limits of sensory perception of the arresting officers. . . ."

[2]We ordered the preparation of a supplemental reporter's transcript containing the oral proceedings of December 1, 1961 (hearing and denial of motion to dismiss), January 8, 1962 (appellant's plea of guilty), and February 5, 1962. We have ordered the record herein to be augmented by the inclusion therein of such transcript.

28

1962, on which date both motions were denied and appellant was sentenced to imprisonment in the state prison. This appeal followed.

■ The granting or denial of a motion by a defendant to withdraw his plea of guilty rests in the sound discretion of the trial judge and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown. (*People* v. *Ottenstror* (1954) 127 Cal.App.2d 104, 109 [273 P.2d 289]; *People* v. *Beck* (1961) 188 Cal.App.2d 549, 552 [10 Cal.Rptr. 396]; *People* v. *Parker* (1961) 196 Cal.App.2d 704, 708 [16 Cal.Rptr. 718].) ■ A defendant seeking to withdraw his plea of guilty and substitute a plea of not guilty must show good cause for such application. (Pen. Code, § 1018.) ''While a plea of guilty may be withdrawn pursuant to Penal Code section 1018 by reason of mistake, ignorance, inadvertence or any factor that overcame the defendant's exercise of a free judgment, the basis of the motion for relief 'must be established by clear and convincing evidence.' '' (*People* v. *Cooper* (1954) 123 Cal.App.2d 353, 356 [266 P.2d 566]. In accord: *People* v. *Ottenstror, supra*; *People* v. *Beck, supra*; *People* v. *Parker, supra*; *People* v. *McDonough* (1961) 198 Cal.App.2d 84, 90 [17 Cal.Rptr. 643].)

■ We think it is clear that there was no abuse of discretion on the part of the trial judge. Appellant was represented by counsel at the time he pleaded guilty. There is no showing whatsoever of any factor ''that overcame the defendant's exercise of a free judgment'' in entering his plea of guilty which he did under the guidance of his counsel. Eschewing consideration of the dismissal of the indictment against appellant's wife, we can see that appellant felt that it might be advantageous to him to plead guilty to the lesser and included offense.[3] We reach the ineluctable conclusion that appellant acted with knowledge of what he was doing and on the advice of his counsel. (See *People* v. *Griffin* (1950) 100 Cal.App.2d 546 [224 P.2d 47]; *People* v. *Caruso* (1959) 174 Cal.App.2d 624 [345 P.2d 282].)

■ Appellant contends that his conviction was the product of an unreasonable search and seizure so as to deny him

---

[3]Appellant was charged with a prior conviction. Under section 11500.5, with which he was charged in the indictment, appellant upon conviction was subject to imprisonment for not less than 10 years and was not eligible for release until he had served not less than 6 years. However, under section 11500 to which he pleaded guilty, he was subject to imprisonment for not less than 5 years nor more than 20 years and was not eligible for release until he had served not less than 5 years.

due process of law under the Fourteenth Amendment of the United States Constitution. He thus attempts by his motion to withdraw his plea of guilty to raise again the same issue of the legality of the search and seizure which he previously raised by his motion to dismiss. However in the present posture of the case, appellant's argument is in effect the following: that he should have been permitted to withdraw his plea of guilty, because, had there been a trial on the merits, the evidence allegedly obtained in violation of his constitutional rights could not have been admitted. We find no merit in the above contention.

■ Appellant's conviction was the ''product'' of his own plea of guilty, not of any unreasonable search and seizure. Where a defendant pleads guilty, he is convicted by his plea. (*People* v. *Goldstein* (1867) 32 Cal. 432, 433.) A plea of guilty constitutes a conviction. (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 869 [338 P.2d 182]; *People* v. *Jones* (1959) 52 Cal.2d 636, 651 [343 P.2d 577]; *People* v. *Hickman* (1928) 204 Cal. 470, 483 [268 P. 909, 270 P. 1117].) ■ Indeed, *Hickman* tells us that ''a confession of the offense by the party charged, by a plea of guilty, is the highest kind of conviction which the case admits. . . .'' (204 Cal. 470, 476.) It is a settled rule that ''[t]he plea of guilty constitutes an admission of every element entering into the offense charged, and constitutes a conclusive admission of defendant's guilt.'' (*People* v. *Outcault* (1949) 90 Cal.App.2d 25, 29 [202 P.2d 602]; see *People* v. *Cooper, supra,* 123 Cal.App.2d 353, 356; *People* v. *Ottenstror, supra*; *People* v. *Jones, supra*; *People* v. *Johns* (1959) 173 Cal.App.2d 38, 42 [343 P.2d 92]; *People* v. *Caruso, supra,* 174 Cal.App.2d 624, 633; *People* v. *Boyles* (1961) 191 Cal.App.2d 78, 81 [12 Cal.Rptr. 400].)

■ In the instant case, therefore, appellant conclusively admitted his offense and stood convicted on his plea. The prosecution was under no duty to prove that he committed the crime to which he entered the plea. (*People* v. *Jones, supra.*) Such issue was resolved by the plea. ■ Proof of the corpus delicti was unnecessary (*People* v. *Ottenstror, supra; People* v. *Johns, supra*). ■ Appellant by his plea waived his right to any trial at all. (*People* v. *Rogers* (1947) 150 Cal.App.2d 403, 415 [309 P.2d 949].) ■ Since his plea constituted his conviction and no evidence was required, he necessarily waived any right to question how evidence had been obtained just as fully and effectively as he waived any

right to have his conviction reviewed on the merits. (See *Stephens* v. *Toomey, supra,* 51 Cal.2d 864, 870.)

The judgment is affirmed.

Bray, P. J., and Molinari, J., concurred.