[No. E007995. Fourth Dist., Div. Two. Dec. 17, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LEE NANCE, Defendant and Appellant.

COUNSEL

Janyce Keiko Imata Blair, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle B. Davis, and Joyce N. Burnett, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

McKINSTER, J.—The sole issue presented by this appeal is whether the burden of proof borne by a defendant moving to withdraw his plea of guilty pursuant to Penal Code section 1018, prior to pronouncement of judgment, is

by the standard of clear and convincing evidence or by a preponderance of the evidence. Finding that the trial court properly denied the motion to withdraw the plea of guilty using the clear and convincing evidence standard of proof, we affirm.

FACTS

The defendant was charged in the Bear Valley Justice Court, San Bernardino County, by an amended complaint with one count of murder (Pen. Code, § 187) and two counts of attempted murder (Pen. Code, §§ 664 and 187). It was alleged as to all three counts that during the commission of the offenses the defendant personally used a firearm within the meaning of Penal Code sections 1203.06, subdivision (a)(1) and 12022.5. It was further alleged as to the two attempted murder charges that the defendant inflicted great bodily injury upon the victims within the meaning of Penal Code section 12022.7.

After testimony at the preliminary hearing had begun, the defendant entered a plea of guilty to murder in the first degree, and he admitted the allegation that he had personally used a firearm during the commission of that offense. Pursuant to the negotiated plea, the remaining charges and allegations would be dismissed.

At the time set for pronouncement of judgment, the defendant requested to withdraw his plea of guilty pursuant to Penal Code section 1018, and the case was remanded for a hearing on the motion to withdraw the plea before the judge who had accepted the plea. At that hearing the only witness called was the defendant.

The defendant testified that he did not understand the change of plea form because of a reading problem which he referred to as "mirror vision"; although, he conceded that his attorney had read to him the statements contained on the form and that he had initialed the form after each statement was read to him. He also did not want to put the young victim of one of the attempted murder counts through the ordeal of testifying. He testified, "My whole purpose was, that I told [defendant's attorney], is that I didn't want to hurt the boy any more than—but that I wanted it to come out, what happened, so that maybe some laws could be changed and families won't have to be destroyed and human beings won't be destroyed." The defendant did not protest his innocence of the crimes nor did he claim any mistake, ignorance, inadvertence, or any other factor which overcame the exercise of his free judgment as good cause for the withdrawal of the plea.

At the conclusion of the hearing the court denied the motion and returned the case for pronouncement of judgment in the superior court. The court did not clearly state what standard of proof it was using in denying the motion.

## DISCUSSION

Penal Code section 1018 provides: "On application of the defendant at any time before judgment the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice."

■ The California Supreme Court has held that the burden of proof necessary to establish the good cause standard in a prejudgment motion to withdraw a guilty plea pursuant to Penal Code section 1018 is by clear and convincing evidence. (*People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250].) That court had previously stated in dictum that the standard was by clear and convincing evidence. (*In re Dennis M.* (1969) 70 Cal.2d 444, 457, fn. 10 [75 Cal.Rptr. 1, 450 P.2d 296].) Recently, the Supreme Court has reaffirmed the clear and convincing evidence standard of proof in *People* v. *Wharton* (1991) 53 Cal.3d 522, 585 [280 Cal.Rptr. 631, 809 P.2d 290].

■ "It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties. [Citations.]" (*People* v. *Mack* (1986) 178 Cal.App.3d 1026, 1032 [224 Cal.Rptr. 208].) We presume that the court in the present case applied the clear and convincing standard of proof as stated in *People* v. *Cruz, supra*, in denying the motion.

■ Withdrawal of a guilty plea is left to the sound discretion of the trial court. A denial of the motion will not be disturbed on appeal absent a showing the court has abused its discretion. (*In re Brown* (1973) 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153].)

■ We find no abuse of discretion in the present case. The facts presented at the motion to withdraw do not constitute good cause. In essence, the defendant stated that he did not want to put a young victim through the ordeal of trial, and while he apparently did not question his culpability for the acts, he wanted a trial so the reason for his criminal acts would be made public and result in a change in the law. None of this establishes good cause because it does not indicate the defendant was operating under mistake, ignorance, or inadvertence, or that the exercise of his free judgment was overcome. (*People* v. *Barteau* (1970) 10 Cal.App.3d 483, 486 [89 Cal.Rptr. 139]; *People* v. *Cruz, supra*, 12 Cal.3d 562 at p. 566.)

A plea may not be withdrawn simply because the defendant has changed his mind. (*In re Brown, supra*, 9 Cal.3d at p. 686.) "The plea of guilty

constitutes an admission of every element entering into the offense charged, and constitutes a conclusive admission of defendant's guilt. [Citation.]

 "A motion to withdraw a plea of guilty, pursuant to the provisions of section 1018 of the Penal Code [footnote omitted] is addressed to the sound discretion of the trial court, and in considering such a motion, the doctrines of 'presumptive innocence' and 'proof beyond a reasonable doubt' are inapplicable, since the defendant has already admitted his guilt by his plea of guilty." (*People* v. *Outcault* (1949) 90 Cal.App.2d 25, 29-30 [202 P.2d 602].)

 The defendant does not attack the court's finding under the clear and convincing evidence standard of proof. Rather, he attacks the standard of proof itself. The defendant contends the clear and convincing evidence standard of proof was erroneously adopted, and the court should have used a preponderance of the evidence standard. It is clear, however, that the evidence adduced at the hearing on the motion is inadequate to establish good cause even under this lower standard of proof.

Countless courts have held that the correct burden of proof to be applied in a prejudgment motion to withdraw a plea of guilty for good cause is clear and convincing evidence. (See, e.g., *People* v. *Cooper* (1954) 123 Cal.App.2d 353, 356 [266 P.2d 566]; *People* v. *Ottenstror* (1954) 127 Cal.App.2d 104, 109 [273 P.2d 289]; *People* v. *Beck* (1961) 188 Cal.App.2d 549, 552 [10 Cal.Rptr. 396]; *People* v. *Parker* (1961) 196 Cal.App.2d 704, 708 [16 Cal.Rptr. 718]; *People* v. *McDonough* (1961) 198 Cal.App.2d 84, 90 [17 Cal.Rptr. 643]; *People* v. *Gannaro* (1963) 216 Cal.App.2d 25, 28 [30 Cal.Rptr. 711]; *People* v. *Caruso* (1959) 174 Cal.App.2d 624, 634 [345 P.2d 282]; *People* v. *Moffett* (1955) 137 Cal.App.2d 626, 629 [290 P.2d 667]; *People* v. *Perry* (1963) 220 Cal.App.2d 841, 844 [34 Cal.Rptr. 110]; *People* v. *Singh* (1957) 156 Cal.App.2d 363, 366 [319 P.2d 697]; *People* v. *Brotherton* (1966) 239 Cal.App.2d 195, 200 [48 Cal.Rptr. 513]; *People* v. *Dena* (1972) 25 Cal.App.3d 1001, 1008-1009 [102 Cal.Rptr. 357]; *People* v. *Waters* (1975) 52 Cal.App.3d 323, 328 [125 Cal.Rptr. 46]; *People* v. *Urfer* (1979) 94 Cal.App.3d 887, 892 [156 Cal.Rptr. 682]; *People* v. *Harvey* (1984) 151 Cal.App.3d 660, 666-667 [198 Cal.Rptr. 858].)

It seems beyond question that the burden of proof necessary to establish good cause for the withdrawal of a guilty plea prior to judgment is by clear and convincing evidence. In addition to the plethora of cases from the Courts of Appeal, the California Supreme Court has embraced it in three opinions. Indeed, this burden of proof is so entrenched in the case law of California that it has taken on the character of bright line law. We stand on the principle

of stare decisis. If this burden of proof was erroneously adopted, we leave it to the Supreme Court to abandon it and state a new one.

DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., concurred.

**TIMLIN, J.,** Concurring.—I concur with the majority's affirmance of the judgment entered below—and I do so in agreement with the majority's conclusion that defendant failed, under *any* evidentiary burden of proof standard, to establish good cause to be permitted to withdraw his guilty plea/admission pursuant to section 1018 of the Penal Code.[1] However, I write separately to express my disagreement with the majority's rather cursory conclusion concerning the evidentiary burden of proof issue raised by defendant in this case. Unlike the majority, I agree with defendant that the "preponderance of the evidence" evidentiary burden of proof standard (hereinafter referred to as the POE standard), rather than the "clear and convincing" evidentiary burden of proof standard (hereinafter referred to as the C/C standard), applies to a criminal defendant's evidentiary burden of proof (that is, a criminal defendant's "burden of persuasion") regarding a section 1018 motion to withdraw a guilty plea/admission prior to pronouncement of judgment and imposition of sentence.

Prior to analyzing the evidentiary burden of proof issue raised by defendant, two prefatory observations are particularly in order:

(1) Given this court's unanimous agreement that the judgment entered below should be affirmed in any event, and in light of the fact that the record on appeal contains no clear indication of which evidentiary burden of proof standard was actually applied by the hearing court in the hearing of defendant's section 1018 withdrawal motion, any substantive discussion of the evidentiary burden of proof issue raised by defendant is concededly dictum.[2] This is not to say, however, that discussion and analysis of the issue should be forborne. It seems to me that an open examination of the issue is

---

[1]Unless otherwise indicated, all statutory citations refer to the Penal Code.

[2]The majority seems somewhat at a loss as to how to describe the evidentiary burden of proof standard actually applied by the hearing court to the section 1018 motion made by defendant in this case. At the outset of its opinion, the majority unequivocally states that the hearing magistrate applied the C/C evidentiary burden of proof standard to defendant's section 1018 motion. Shortly thereafter, however, the majority states that the hearing magistrate did "*not* clearly state" (italics added) what evidentiary burden of proof standard he applied in denying defendant's section 1018 motion. Finally, in analyzing the evidentiary

nevertheless justified because the issue presents a recurring question of fundamental constitutional importance which, insofar as my research reveals, has not been analytically discussed and reviewed in a published California appellate opinion. Hopefully, the publication of the majority opinion and this concurring opinion, with their conflicting viewpoints, will serve to generate needed discussion and analysis of the issue within and by the legal community and will lead to a final resolution of the issue by the judicial system.

(2) I have limited my discussion and analysis of the appropriate evidentiary burden of proof standard to be borne by a criminal defendant seeking to withdraw his or her plea of guilty to *prejudgment* withdrawal motions for two reasons: (a) The facts of this case involve only a prejudgment withdrawal motion; and (b) section 1018 itself only addresses prejudgment withdrawal motions. Whether a different analysis would apply to postjudgment withdrawal motions is another issue.[3]

With all of the above in mind, I now turn to an analysis of the issue at hand.

DISCUSSION

DETERMINING THE CORRECT EVIDENTIARY BURDEN OF PROOF
STANDARD TO BE APPLIED IN A SECTION 1018 HEARING

Determining the correct evidentiary burden of proof standard to be applied in a section 1018 hearing requires a three-part analysis: (1) Differentiating between the various "standards" involved in analyzing section 1018 issues so as to clearly isolate the issue in question; (2) ascertaining whether our Supreme Court has already resolved the issue in question, thus precluding any "redetermination" of the issue by this court (*Auto Equity Sales* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]); and

---

burden of proof issue, the majority simply "presumes" that the hearing magistrate applied the C/C evidentiary burden of proof standard to defendant's section 1018 motion.

My review of the record reveals only one reference by the hearing magistrate that could be considered a reference to an evidentiary burden of proof standard: At the conclusion of the hearing on defendant's section 1018 motion, the hearing magistrate stated that there was "no due doubt under Penal Code Section 1018 to withdraw the plea." The majority, quite correctly, does not argue that "no due doubt" is a constitutionally, legislatively or judicially recognized evidentiary burden of proof standard.

[3]Defendant has spent some little time in this case discussing the different evidentiary burden of proof standards applied by the federal courts as between prejudgment and postjudgment motions to withdraw guilty pleas. Frankly, I do not see that this discussion has any particular relevance to the evidentiary burden of proof issue as it relates to section 1018 withdrawal motions.

(3) determining, in the absence of binding Supreme Court authority, what evidentiary burden of proof standard is appropriate for application in section 1018 hearings. Such a three-part analysis follows.

I.

### DIFFERENTIATING BETWEEN THE VARIOUS "STANDARDS" INVOLVED IN ANALYZING SECTION 1018 ISSUES.

Insofar as it is pertinent to the issue before us in this appeal, section 1018 provides: "On application of the defendant at any time before judgment the court may . . . , for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice."

In analyzing this portion of section 1018 in light of defendant's contention, it is logically necessary to distinguish between three different "standards" which come into play when a hearing court's ruling on a section 1018 motion is made the subject of an appeal. In "reverse chronological order":

■ There is the "abuse of discretion" *review* standard. This is the standard which is applied at the appellate level in reviewing a hearing court's grant or denial of a section 1018 motion: "Section 1018 permits a trial court to allow a criminal defendant to withdraw his guilty plea 'for a good cause shown.' However, ' "the withdrawal of such a plea rests in the sound discretion of the trial court and may not be disturbed unless the trial court has abused its discretion." [Citation.] An appellate court will not disturb the denial of a motion unless the abuse is clearly demonstrated.' (*In re Brown* (1973) 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153], quoting, in part, *People* v. *Francis* (1954) 42 Cal.2d 335, 338 [267 P.2d 8].)" (*People* v. *Wharton* (1991) 53 Cal.3d 522, 585 [280 Cal.Rptr. 631, 809 P.2d 290]; see also, *People* v. *Superior Court (Giron)* (1974) 11 Cal.3d 793, 796-797 [114 Cal.Rptr. 596, 523 P.2d 636].)[4]

■ There is the "good cause" *hearing* standard, itself. This standard guides the hearing court in its exercise of discretion in determining whether to grant

---

[4]Of course, the fact that a hearing court's ruling on a section 1018 motion is reviewed by us under the "abuse of discretion" standard appropriately results in our paying considerable deference to the hearing court's factual findings: " 'All questions of the weight and sufficiency of the evidence are addressed, in the first instance, to the trier of fact, in this case, the trial judge. We cannot reverse his order if there is substantial evidence or a reasonable inference to be drawn from it which supports the order. Where two conflicting inferences may be drawn from the evidence it is our duty to adopt the one supporting the challenged order.' " (*People* v. *Harvey* (1984) 151 Cal.App.3d 660, 667 [198 Cal.Rptr. 858], quoting *People* v. *Savin* (1940) 37 Cal.App.2d 105, at p. 108 [98 P.2d 773]. Unlike a section 1018 order, the

or deny a section 1018 withdrawal motion. Properly understood, the good cause standard sets forth *what* (in conclusional terms) a criminal defendant must establish, and what the hearing court must find, in order for that criminal defendant to prevail on a section 1018 withdrawal motion. Our Supreme Court has articulated the most commonly understood aspect of the good cause standard succinctly: "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.]" (*People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250].)[5]

█ Finally, there is the evidentiary *burden of proof* standard to be borne by a criminal defendant in showing that good cause exists to permit the withdrawing of his or her guilty plea pursuant to section 1018. Properly understood, the burden of proof standard sets forth *how well* the criminal defendant must show that good cause exists to permit the withdrawing of a guilty plea pursuant to section 1018—that is, the evidentiary burden of proof standard applicable to a section 1018 withdrawal motion relates to the *quality* of the evidence which is necessary to *persuade* the hearing court that good cause has in fact been shown. (Evid. Code, §§ 115, 190.) It is this, the evidentiary burden of proof standard applicable to section 1018 withdrawal motions, which has been raised by defendant as the sole issue in this appeal.

order dealt with in *Savin* was actually a postjudgment order, an order granting a petition for a writ of error *coram nobis* —however, as implicitly recognized by *Harvey* [a case which did deal with a § 1018 motion], the "abuse of discretion" review standard requires that we pay considerable deference to the lower court's factual findings in either instance.)

On a related issue, it is often difficult to review a lower court's exercise of discretion when the evidentiary burden of proof standard applied by the lower court in reaching the decision being challenged is not made explicit or is stated confusingly. Trial counsel in a section 1018 hearing would do well to explicitly inquire on the record as to the evidentiary burden of proof standard being applied by the hearing court.

[5]Somewhat more broadly worded: " 'A trial court, nevertheless, in the exercise of its discretion directed to the promotion of justice may take into consideration such material matters with which an accused was confronted and as to which he made erroneous assumptions when he entered a guilty plea. . . . As a general rule, a plea of guilty may be withdrawn "for mistake, ignorance or inadvertence or any other factor overreaching defendant's free and clear judgment." [Citations omitted.]' " (*People* v. *Harvey, supra*, 151 Cal.App.3d at p. 667, quoting *People* v. *Superior Court (Giron), supra*, 11 Cal.3d at p. 797.)

On a related matter, and as I have noted in the main text of my concurring opinion, the "overcoming/overreaching of free judgment" is simply the most commonly understood aspect of the good cause standard. While *Cruz* and *Giron* do state that the existence of factors overcoming a criminal defendant's free judgment would constitute good cause to permit the withdrawal of a guilty plea under section 1018, those opinions do not state, or even suggest, explicitly or otherwise, that the existence of such factors is the *only* thing that would constitute good cause under section 1018. By way of example only, it is conceivable that a situation could occur in which a change of law, rather than the state of the defendant's freedom of judgment, constituted good cause to permit the withdrawal of a guilty plea under section 1018. (See, e.g., *People* v. *Collins* (1978) 21 Cal.3d 208 [145 Cal.Rptr. 686, 577 P.2d 1026].)

## II.

## ASCERTAINING WHETHER THE CALIFORNIA SUPREME COURT HAS ALREADY RESOLVED THE ISSUE.

### A. Are Supreme Court References Dicta?

On at least three different occasions, our Supreme Court has referred to the C/C standard, in general terms, as the evidentiary standard to be applied in a section 1018 hearing:

(1) The Supreme Court noted in *In re Dennis M.* (1969) 70 Cal.2d 444, 457, footnote 10 [75 Cal.Rptr. 1, 450 P.2d 296], that: "Even in adult criminal trials, of course, the standard of proof 'beyond a reasonable doubt' applies only to the issue of guilt itself. A variety of lesser standards of proof governs other issues that may arise in the course of such proceedings: . . . (4) *'Clear and convincing evidence': defendant's burden to support a motion to withdraw a guilty plea. (People* v. *Brotherton* (1966) 239 Cal.App.2d 195, 200 [48 Cal.Rptr. 513])." (Italics added.);

(2) In *People* v. *Cruz; supra,* 12 Cal.3d 562, our Supreme Court stated: "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.] *But good cause must be shown by clear and convincing evidence. (People* v. *Fratianno* (1970) 6 Cal.App.3d 211, 221-222 [85 Cal.Rptr. 755]; *People* v. *Brotherton* [(1966) 239 Cal.App.2d 195, 200-201]; see also, *In re Dennis M.* (1969) 70 Cal.2d 444, 457, fn. 10.)" (12 Cal.3d at p. 566, italics added.); and

(3) Finally, and most recently, the Supreme Court stated in *People* v. *Wharton; supra,* 53 Cal.3d at page 585: "*It is the defendant's burden to produce evidence of good cause by clear and convincing evidence. (People* v. *Cruz* (1974) 12 Cal. 3d 562, 566-567.)" (Italics added.)

Both the majority and the People take the position in this case that the above statement in the *Cruz* opinion constitutes a binding holding on the issue here in question. However, a careful reading of all three of the above Supreme Court statements, including the *Cruz* statement, clearly reveals each of the above references to a C/C standard by our Supreme Court to be dicta unaccompanied by any reasoned analysis rather than a direct holding

on the issue and, consequently, something less than binding precedent on the issue.[6] In particular:

(a) In *In re Dennis M., supra,* the Supreme Court's reference to the applicability of the C/C standard in section 1018 hearings was made as a general observation concerning various burden of proof standards and was not addressed to the precise issue there being discussed—the appropriate evidentiary burden of proof standard to be applied in "criminal" juvenile proceedings brought under the Welfare and Institutions Code.

(b) In *Cruz, supra,* the Supreme Court's reference to the applicability of the C/C standard in section 1018 hearings was not addressed to the single issue before the court in that case: "Is a defendant who validly waives counsel and pleads guilty required to show 'good cause' in support of a prejudgment motion to withdraw the plea?" (12 Cal.3d at p. 565.) Further, as made clear by the Supreme Court, the defendant in *Cruz* failed to show good cause, under *any* evidentiary burden of proof standard, for withdrawing his guilty plea: "Not only did defendant fail to present clear and convincing evidence that he was 'confused' when entering his plea, but he also failed to even specify the nature of his alleged confusion." (12 Cal.3d at pp. 566-567.)

(c) In *Wharton, supra,* the Supreme Court's reference to the applicability of the C/C standard in section 1018 hearings was not addressed to the issue there being considered by the court—whether the defendant had shown, *on appeal,* that the hearing court had abused its discretion in denying the defendant's section 1018 withdrawal motion.[7] (See discussion in pt. I., *ante.*)

---

[6]As this court had recent occasion to note in another case: "It is, of course, axiomatic that it is only the ratio decidendi of a Supreme Court opinion that is fully binding as precedent on the lower courts of this state. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 783, p. 753: 'The *ratio decidendi* is the principle or rule which constitutes the ground of the decision, and it is this principle or rule which has the effect of a precedent. It is therefore necessary to read the language of the opinion in the light of its facts and the issues raised, to determine (a) which statements of law were necessary to the decision, and therefore binding precedents, and (b) which were arguments and general observations unnecessary to the decision, i.e[.], dicta, with no force as precedents.')" (*Bunch* v. *Coachella Valley Water Dist.* (1989) 214 Cal.App.3d 203, 212 [262 Cal.Rptr. 513].)

[7]In passing, I note (with all due deference) that the Supreme Court itself exhibited some confusion in *Wharton* as to the application of the various "standards" which come into play at different points in an analysis of a section 1018 issue. At page 585 of its opinion in that case, the Supreme Court stated: "Defendant relies on the declaration of Dr. Stephens in urging us to conclude the trial court abused its discretion by denying the motion. This evidence, however, was substantially the same as that presented in defendant's competency hearing and was contradicted by other expert evidence. Because this showing does not constitute *clear and convincing evidence that the court abused its discretion in denying the motion,* we reject

In short, nowhere in any of the three above opinions did our Supreme Court directly consider the issue of what evidentiary burden of proof standard is to be applied in a section 1018 hearing—and the above cited references to a C/C standard are thus mere dicta rather than binding precedental authority: "Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, *and an opinion is not authority for a proposition not therein considered.*" (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689]; italics added.)

## B. Is The Supreme Court Dicta Logically Persuasive?

I am not so cavalier as to begin and end my analysis of the three above cited Supreme Court references with a simple determination that those references are dicta. Rather, I also recognize the need to analyze the authorities relied on by the Supreme Court as support for the proposition that a criminal defendant must show good cause to withdraw his or her guilty plea by a C/C standard in a section 1018 hearing. I acknowledge that need because I recognize that "[s]uch dict[a], while not controlling authority, carries persuasive weight and should be followed *where it demonstrates a thorough analysis of the issue or reflects compelling logic.* [Citations.]" (*Smith* v. *County of Los Angeles* (1989) 214 Cal.App.3d 266, 297 [262 Cal.Rptr. 754], italics added; see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 785, pp. 756-757.) As discussed below, the authorities relied on by the Supreme Court on this issue do not demonstrate a thorough analysis of the issue and do not reflect compelling logic.

*Wharton*, without analysis, merely cited *Cruz* as authority for the proposition that a criminal defendant must show good cause to withdraw his or her guilty plea by the C/C standard in a section 1018 hearing. *Cruz*, in turn (and, again, without analysis), merely cited *People* v. *Fratianno* (1970) 6 Cal.App.3d 211, 221-222 [85 Cal.Rptr. 755], *People* v. *Brotherton* (1966) 239 Cal.App.2d 195, 200-201 [48 Cal.Rptr. 513], and *In re Dennis M., supra,* to the same effect. Finally, *Fratianno* and *In re Dennis M.* themselves merely cited *Brotherton*, without analysis, as authority for the proposition in question. The entire authoritative base for the Supreme Court's three references to the applicability of the C/C standard in a section 1018 hearing, then, reduces to an uncritical reliance on a single Court of Appeal opinion, *Brotherton*.

The opinion in *Brotherton* is itself entirely devoid of reasoned analysis concerning the issue in question. *Brotherton* merely quotes *People* v.

defendant's assertion that reversal is required on that ground." (Italics added.) In making this statement, the Supreme Court appears to have confused the "abuse of discretion" *review* standard with a "clear and convincing" *evidentiary burden of proof* standard.

*Gannaro* (1963) 216 Cal.App.2d 25, 28 [30 Cal.Rptr. 711], as authority for the applicability of the C/C standard in a section 1018 hearing—and the passage from *Gannaro* which was quoted by *Brotherton* was itself a quote from *People* v. *Cooper* (1954) 123 Cal.App.2d 353, 356 [266 P.2d 566]. Neither *Gannaro* nor *Cooper* contains any analysis of the issue in question. Indeed, with *Cooper* we seem to have reached the unreasoned "authoritative source" of the Supreme Court's references to the applicability of the C/C standard in a section 1018 hearing. *Cooper*, without citation to authority or reference to reasoned analysis, merely states that a criminal defendant wishing to withdraw a guilty plea pursuant to section 1018 must show good cause to do so by the C/C standard.

There is reason to believe that *Cooper* did not intend to specifically articulate the "clear and convincing" burden of proof standard for section 1018 hearings—but, rather, only intended to emphasize the fact that a criminal defendant bears a distinct and substantial burden in showing good cause to withdraw a guilty plea. (Cf. *People* v. *James* (1977) 19 Cal.3d 99, 106, fn. 4 [137 Cal.Rptr. 447, 561 P.2d 1135].) While a number of court of appeal opinions have cited *Cooper* with respect to the issue here in question, other opinions (both pre- and post-*Cooper*) have used different language to describe the evidentiary burden of proof standard applicable to a section 1018 hearing: Both *People* v. *Bauman* (1955) 131 Cal.App.2d 595, 597 [281 P2d 74], and *People* v. *Butler* (1945) 70 Cal.App.2d 553, 561 [161 P.2d 401], state that evidence of good cause to withdraw a guilty plea must be "convincing"; and *People* v. *Gottlieb* (1938) 25 Cal.App.2d 411, 415 [77 P.2d 489], states that such evidence must be "strong and convincing."

In addition to the opinion in *Cooper*, the opinion in *People* v. *Griffin* (1950) 100 Cal.App.2d 546, 548 [224 P.2d 47], appears to be a second "source authority" for the proposition here in issue. It is true that *Griffin* states that the C/C standard applies in section 1018 hearings, but that statement, too, is unaccompanied by any reasoned analysis and the authorities relied on by *Griffin* for that statement do not support that position: As support for its statement, *Griffin* cites *Butler* and *Gottlieb*, neither of which stated that the C/C standard applies in a section 1018 hearing (see above), and *In re Hough* (1944) 24 Cal.2d, 522, 531 et seq. [150 P.2d 448], an opinion which supports certain other statements in *Griffin* but which has nothing at all to say about evidentiary burden of proof standards in section 1018 hearings.

In short, the oft-repeated statement that a criminal defendant must show good cause to withdraw a guilty plea in a section 1018 hearing by the C/C standard is nothing more than an unreasoned and unsupported proposition

that has been uncritically accepted and "carried over" from one opinion to another over the years—indeed, this division of this court has itself done so as recently as this year.[8] The mere fact that the proposition is oft-repeated, however, is not sufficient reason to adhere to it as a correct statement of the law when a reasoned analysis of the issue convincingly reveals a contrary proposition actually to be a correct statement of the law.[9] As I discuss below in part III. of this concurring opinion, a reasoned analysis of the issue here in question *does* convincingly reveal that such a contrary proposition, the applicability of the POE evidentiary burden of proof standard to section 1018 withdrawal motions, is a correct statement of the law.

### III.

#### THE APPROPRIATE EVIDENTIARY BURDEN OF PROOF STANDARD TO BE APPLIED IN A SECTION 1018 HEARING.

I turn now to a determination of the appropriate evidentiary burden of proof standard to be applied in a section 1018 hearing. For the three reasons set forth below, I conclude that the POE standard is the appropriate standard to be applied in such a hearing.

(1) First, there is a statutory reason for applying the POE standard in section 1018 hearings. It is the policy of our state, as expressed by our Legislature, that "[e]xcept as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." (Evid. Code, § 115.) Recognizing that "law" is defined in section 160 of the Evidence Code as including "decisional law," I nevertheless hold to the view that express statutory provisions prevail over decisional *dicta* which is unattended by any supporting analysis (such as our Supreme Court's references to the applicability of the C/C standard in section 1018 hearings—see part II.B., *ante*), especially when the application of that dicta bears on an individual's constitutional right to the due process of law.

(2) Second, a recent opinion by our Supreme Court suggests that the POE standard is the appropriate standard to be applied to a criminal defendant's efforts to challenge the constitutional validity of a prior plea.

---

[8] I am reminded of Justice Oliver Wendell Holmes's observation: "The *dictum* in [a] case gains no new force from the repetition by text writers. It is one of the misfortunes of the law that ideas become encysted in phrases and thereafter for a long time cease to provoke further analysis." (*Hyde* v. *United States* (1912) 225 U.S. 347, 391 [56 L.Ed. 1114, 1135, 32 S.Ct. 793], dis. opn. of Holmes, J.)

[9] As stated by Mr. Justice Rutledge, in dissent, in *Wolf* v. *Colorado* (1949) 338 U.S. 25, 47 [93 L.Ed. 1782, 1795, 69 S.Ct. 1359]: " 'Wisdom too often never comes, and so one ought not to reject it merely because it comes late.' "

In *Curl* v. *Superior Court* (1990) 51 Cal.3d 1292 [276 Cal.Rptr. 49], the defendant was charged with one count of first degree murder, which count was attended by a prior-murder special-circumstance allegation. By pretrial motion, the defendant sought to have the prior-murder special-circumstance allegation stricken from the information on the grounds that, at the time he had pled guilty to the prior murder, he had been under the influence of drugs and had not been properly advised of his *"Boykin-Tahl"* rights. (See *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) The Supreme Court "granted review in [the] case to settle the question of whether the *constitutional validity* of a prior murder conviction underlying a prior-murder special circumstance may be collaterally attacked via a pretrial motion to strike the special circumstance, and to further determine the applicable standard of proof by which the invalidity of the prior conviction must be established in order to support the striking of the special circumstance." (*Curl,* at pp. 1295-1296.)

The Supreme Court concluded that the POE standard applied to the circumstances presented in *Curl,* analyzing the matter in the following fashion:

". . . , the statutory scheme makes no express provision for the standard of proof to be applied to a pretrial determination of the *constitutional validity* of the prior conviction. In the absence of such express provision, Evidence Code section 115 controls. It provides, in relevant part: 'Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.'

"Analogous case law lends persuasive support to our conclusion that the 'preponderance of the evidence' standard of proof embodied in Evidence Code section 115 is the applicable standard for establishing the invalidity of the prior murder conviction. Correctly construed, petitioner's pretrial motion to strike the prior-murder special-circumstance allegation required the trial court to determine preliminary factual questions relating to the validity of the prior murder conviction—i.e., whether defendant was under the influence of narcotics when he entered his guilty plea, and whether he was admonished per *Boykin-Tahl* and expressly waived his constitutional trial rights. The 'preponderance of the evidence' standard of proof has been applied by the high court, and by this court, to such closely related constitutional questions as the voluntariness of confessions (see *Lego* v. *Twomey* (1972) 404 U.S. 477 [30 L.Ed.2d 618, 92 S.Ct. 619]; *People* v. *Markham* (1989) 49 Cal.3d 63 [260 Cal.Rptr. 273, 775 P.2d 1042]) and the admissibility of evidence challenged on Fourth Amendment grounds. (See *Colorado*

v. *Connelly* (1986) 479 U.S. 157 [93 L.Ed. 1782, 1795, 69 S.Ct. 1359].) Indeed, in *Johnson* v. *Zerbst* [(1938) 304 U.S. 458 [82 L.Ed. 461, 58 S.Ct. 1019, 146 A.L.R. 357]], wherein the defendant, in a habeas corpus proceeding, was seeking to collaterally attack the validity of his prior conviction on grounds that he did not competently and intelligently waive his constitutional right to counsel, the high court expressly held that the burden of proof rested with the defendant to establish the same *by a preponderance of the evidence. (Id.,* pp. 468-469.)" (*Curl, supra,* 51 Cal.3d at pp. 1305-1306.)

The above reasoning of our Supreme Court in *Curl* is just as applicable to the issue here presented as it was to the issue there presented—at least in that vast majority of cases wherein the good cause for plea withdrawal alleged by the criminal defendant is an asserted overcoming of the defendant's exercise of free judgment when entering the guilty plea. The assertion of that sort of "good cause" in a section 1018 motion is, manifestly, a challenge to the constitutional validity of the prior plea.[10] If the POE standard is applicable to collateral, postjudgment challenges to the constitutional validity of a prior guilty plea underlying a murder conviction alleged as a special circumstance, then surely that same standard is applicable to other sorts of direct, pretrial challenges to the constitutional validity of a prior guilty plea.[11]

(3) Third, a general constitutional due process analysis leads to the conclusion that the POE standard is the appropriate evidentiary standard to be applied to a criminal defendant's motion to withdraw a guilty plea pursuant to section 1018: "[I]dentification of the dictates of due process generally requires consideration of (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, (3) the dignitary interest in informing the individuals of the nature, grounds and consequences of the action and in enabling them to present their side of the story before a responsible governmental official, and (4) the governmental interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (*People* v.

---

[10]Determining that a criminal defendant's exercise of free judgment was overcome during that defendant's prior entry of a guilty plea is tantamount to determining that that defendant never received his or her constitutional right to "an opportunity to make an intelligent choice to plead guilty." (*In re Ibarra* (1983) 34 Cal.3d 277, 285 [193 Cal.Rptr. 538, 666 P.2d 980].)

[11]Indeed, and notwithstanding the fact that section 1018 states that a hearing court has *discretion* to permit ("may" permit) the withdrawal of a guilty plea if good cause is shown therefor (leaving aside defendants who appeared without counsel to enter their guilty plea), I view the constitutional mandate of due process as *requiring* a hearing court to permit the withdrawal of a guilty plea in those cases where the moving defendant has established by the POE standard that his or her exercise of free judgment was overcome during the entry of the prior plea.

*Ramirez* (1979) 25 Cal.3d 260, 269 [158 Cal.Rptr. 316, 599 P.2d 622], quoted and analytically applied in *In re Azzarella* (1989) 207 Cal.App.3d 1240, 1248-1251 [254 Cal.Rptr. 922].) In applying the four *"Ramirez* factors" in the context of a section 1018 hearing, of course, a "reverse analysis" must be used in light of the fact that a section 1018 motion seeks to "undo" official action which has already been "done" (the acceptance and entry of the criminal defendant's guilty plea)—that is, the greater the value of the individual interests in relation to the value of the governmental interests, the *lower* the appropriate burden of proof standard.

The first *"Ramirez* factor," the nature of the private interest at stake, clearly weighs in favor of the POE standard. The private interest at stake is the most cherished of all—personal liberty.

The second *"Ramirez* factor," a balancing between the risk of an erroneous deprivation of the personal interest and the value of additional procedural safeguards, likewise weighs in favor of the POE standard. Although the risk of erroneously depriving a criminal defendant of his or her personal liberty is extremely small when the procedures for taking a guilty plea are correctly followed, the value of assuring that such an erroneous deprivation does not take place, when an assertion of such a deprivation is made, is enormous— especially in light of the fact that it is only the evidentiary burden of proof standard, not additional or substitute procedures, that is in issue.

The third *"Ramirez* factor," the "dignitary interest" factor, also weighs in favor of the POE standard. To be truly and actually *informed* of the "nature, grounds and consequences" of an action brought by the People, and to be given a true and actual opportunity to stand against that action, are *essential* to the basic, human dignity of all who come before the criminal justice system—as well as to the dignity of the criminal justice system itself. Indeed, it is our recognition of the fundamental importance of "informed opportunity" with respect to the giving of guilty pleas in criminal proceedings which forms the cornerstone of the *"Boykin-Tahl"* advisement procedures. Conversely, then, this "dignitary interest" must also provide a meaningful opportunity to a criminal defendant to prove to a responsible government official (in the context of this case, the judge hearing the section 1018 motion) that good cause exists to permit the withdrawing of a prior guilty plea—especially in those cases where the good cause establishes that an "informed opportunity" to plead had not existed when the prior guilty plea was given and accepted.

The fourth *"Ramirez* factor," a consideration of the governmental interests (especially those of a fiscal or administrative nature) impacted by the

procedural requirement in question, requires somewhat greater discussion than the three previously discussed factors, but, like the other three factors, weighs in favor of the POE factor. It is perhaps easiest to discuss this fourth factor by discussing what impact an adoption of the POE standard for section 1018 hearings *would not* have on the legitimate governmental policy concerns of judicial finality, economy and efficiency:

(a) The adoption of the POE standard for section 1018 hearings would not "trivialize," "cheapen" or otherwise denigrate the guilty plea proceedings conducted by hearing courts. The nature of the guilty plea proceedings which are (more or less) uniformly followed in this state are rightly recognized as providing criminal defendants with the full panoply of constitutional rights surrounding the giving of such pleas, including a court determination that a defendant is knowingly, intelligently, voluntarily and willingly pleading guilty. Indeed, the very fact of the sufficiency of these proceedings will provide almost insurmountably strong evidence against any criminal defendant's section 1018 motion. It presumably will be only the exceptional case in which a criminal defendant's evidence in support of a section 1018 motion will show the existence of good cause to withdraw his or her prior guilty plea in light of the record established by the guilty plea proceedings utilized throughout the state.[12]

To reach an understanding of just how "exceptional" such a case would be, it is useful to consider a hypothetical section 1018 motion—a hypothetical motion based on (1) the sort of allegation that is far and away the most common sort of allegation asserted as good cause in a section 1018 motion, the alleged overcoming of the criminal defendant's exercise of free judgment in entering the prior guilty plea, and (2) the *only* factual situation in which the difference between the C/C standard and the POE standard has any bearing or functional meaning (insofar as the issue in question is concerned) in a case in which the criminal defendant's allegation of good cause is an overcoming of his or her exercise of free judgment.

---

[12]I cannot understand the majority's professed concern that the application of the POE standard to such motions might result in a guilty plea being "withdrawn simply because the defendant has changed his mind." I have confidence that the trial bench both can and will properly apply the POE evidentiary burden of proof standard and the "good cause" hearing standard in section 1018 hearings. I have no concern that the trial bench will be "tempted" by the POE evidentiary burden of proof standard to abuse its discretion and grant section 1018 motions for wrong or frivolous reasons.

To judge by its reference to the *Outcault* opinion (*People* v. *Outcault* (1949) 90 Cal.App.2d 25, 29-30 [202 P.2d 602]), the majority seems to be harboring an unspoken assumption that, if guilty plea/admission proceedings are conducted in accordance with the requirements of *Boykin-Tahl*, any subsequent section 1018 withdrawal motion is presumptively nonmeritorious. Of course, any such assumption would constitute unspoken and unauthorized judicial legislation effectively emasculating section 1018—if not implicitly rendering it totally meaningless.

Assume: A criminal defendant has brought a section 1018 motion to withdraw his or her prior guilty plea on the ground of mistake, ignorance or other like factor. The hearing judge duly considers and weighs all of the evidence presented by the defendant in favor of the motion. The hearing judge *also* duly considers and weighs all of the evidence presented in opposition to the motion—including evidence contained in the court's files, a transcript of the prior plea proceedings, evidence presented directly by the prosecuting attorney(s) with personal knowledge of the prior plea proceedings, evidence presented by the defense counsel who represented the defendant when the guilty plea was tendered and accepted and, in the common happenstance that the hearing judge is the same judge who previously conducted the plea proceedings, evidence "presented" by that judge's own recollection of those prior plea proceedings. Having duly considered and weighed all of the evidence bearing on the defendant's section 1018 motion, the hearing judge concludes: "The evidence is very evenly balanced—the evidence on one side of the issue does not clearly and convincingly outweigh the evidence on the other side of the issue. However, on balance, I am convinced that *it is more probable than not* that the defendant's 'exercise of free judgment' *was* overcome by the factors (s)he has established in this hearing."

In circumstances such as those described in the above hypothetical, the basic constitutional mandate of due process *compels* that a criminal defendant be allowed to withdraw his or her prior guilty plea and proceed forward to trial. To do otherwise would simply be to ignore the hearing judge's considered factual conclusion that the defendant had more probably *not* entered his or her prior guilty plea as an exercise of free judgment—that is, that the defendant had not truly enjoyed his or her constitutional right to "an opportunity to make an intelligent choice to plead guilty." (*In re Ibarra*, 34 Cal.3d at p. 285; see fn. 10, *ante*.)

(b) The adoption of the POE standard for section 1018 hearings would not lead to "an opening of the floodgates" for section 1018 motions. It is absolutely inconceivable that a criminal defendant (or defense counsel) who felt that it was to his or her (or the client's) best advantage to seek to withdraw a prior guilty plea would factor the evidentiary burden of proof standard into the calculation as to whether to actually make a section 1018 motion. Such a motion almost always constitutes a "free bite at the apple" in any event, and the motion will be made, or not, irrespective of the applicable evidentiary burden of proof standard.[13]

(c) The adoption of the POE standard for section 1018 hearings would not produce longer or more complex hearings before the hearing court. The

---

[13]As a practical matter, of course, the factor which will almost always be the determining factor in a defendant's calculation whether to make a section 1018 motion is the risk (if any)

hearing judge would receive and consider exactly the same evidence in any event. The particular "balance scale" (C/C or POE) applied by that judge to the evidence would have no impact or bearing on the length and/or complexity of the hearing itself.

(d) The adoption of the POE standard for section 1018 hearings would not lead to a marked increase in the number of instances in which a criminal defendant succeeded in securing a trial for himself or herself. With very few exceptions (such as a case in which there had been a change in the penal laws), it would only be those cases falling within the general scope of the hypothetical situation described above that would result in the holding of a criminal trial when one would not otherwise have been available to a criminal defendant. The number of such cases would be extremely small.

(e) Finally, the adoption of the POE standard for section 1018 hearings would not prejudice the People's rights under the criminal justice system. Inasmuch as only prejudgment plea withdrawal motions (and the timing considerations incident thereto) are at issue here, the People presumably would still be able to mount a full and effective prosecutorial effort against any criminal defendant who succeeded in withdrawing his or her guilty plea and securing a trial on the merits of the matter.

Having considered all four of the "*Ramirez* factors," then, I conclude that the general dictates of constitutional due process mandate the application of the POE standard in section 1018 hearings.[14] Given the paramount legal authority of constitutional principles, California Supreme Court statements contrary to this constitutional mandate (whether holdings or not) are irrelevant.

CONCLUSION

Statutory law, decisional law and constitutional law all lead to the conclusion that the POE standard applies to section 1018 withdrawal motions. When and/or if the criminal defense bar succeeds in properly preserving and

---

of losing a "known quantity"—a favorably negotiated and court approved "charge bargain" and/or "sentence bargain"—in exchange for a less favorable result in a trial.

[14] I am aware that the Legislature has recently amended section 1018 to provide, in pertinent part: "On application of the defendant at any time before judgment *or within six months after an order granting probation is made if entry of judgment is suspended,* the court may . . . , for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Stats. 1991, ch. 421 [italics indicating recently added language].) This amendment does not affect the analysis of section 1018 that I have here undertaken.

presenting this issue for appellate review, the appellate courts—on the basis of that statutory, decisional and constitutional law—should directly and explicitly so hold.