Filed 3/18/14  P. v. Finigan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B250342 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA407794) |
| v. | |
| THEODORE FINIGAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edmund W. Clarke, Jr., Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Suzan E. Hier, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Theodore Finigan entered a plea of no contest on May 15, 2013,[1] to possession of matter depicting a minor engaging in sexual conduct in violation of Penal Code section 311.11, subdivision (a). The plea agreement called for defendant to be placed on probation for five years, with credit for time served, a minimum of one year of counseling, and various other conditions of probation. Sentencing was continued to June 6.

On June 6, counsel for defendant advised the trial court that defendant wished to withdraw his plea. The case was continued to July 8. At a hearing on July 8, defendant appeared without counsel. Defendant told the court his attorney had dropped the case due to a dispute over fees. Defendant requested that the public defender be appointed to represent him. The case was continued to July 24.

Defendant appeared in court on July 24, represented by a deputy public defender, who made an oral motion to withdraw defendant's plea on the ground defendant "believes his plea was done while he was under duress." The trial court denied the motion to withdraw the plea and imposed judgment in a manner consistent with the case settlement agreement.

Defendant filed a notice of appeal challenging the validity of his plea. The trial court signed a certificate of probable cause. This court appointed counsel to represent defendant on appeal. On January 29, 2014, appointed counsel filed a brief raising no issues, asking this court to independently review the record for arguable appellate contentions under *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised of his right to file a supplemental brief within 30 days. No supplemental brief has been filed by defendant.

We have completed our independent review of the record. Our review of the record reveals no arguable contentions on appeal.

The record demonstrates that defendant entered into favorable case settlement, requiring no additional time in custody and standard conditions of probation for the

---

[1] All dates are in 2013, unless otherwise indicated.

charged offense.  He was fully advised of the consequences of his plea and his constitutional rights.  Defendant affirmatively stated he wished to plead no contest and was doing so freely and voluntarily.  No competent evidence was presented that the plea was in any respect a result of coercion, and "[a] plea may not be withdrawn simply because the defendant has changed his mind."  (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1457.)  The trial court did not abuse its broad discretion in denying the motion to withdraw the plea.

The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


TURNER, P. J.


MINK, J.*

---

*     Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.