Filed 3/29/13  P. v. Stalling CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057330 |
| v. | (Super.Ct.No. SWF1102419) |
| HOUSTON EDWARD STALLING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Albert J. Wojcik, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Sean M. Rodriquez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Houston Edward Stalling pleaded guilty to three counts of residential burglary. (Pen. Code, § 459.)[1] He admitted that the victims were present at the time of the burglaries (§ 667.5) and that each victim was older than 65 years within the meaning of section 667.9. In addition, he admitted that the crimes were committed for the benefit of a criminal street gang. (§ 186.22.)

Defendant's sole contention on appeal is that the court abused its discretion in denying his motion to withdraw the plea. We disagree and so affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

An information was filed charging defendant with multiple counts, each count alleging a gang enhancement. Count 1 charged him with robbery (§ 211) and alleged the victim was an elderly person within the meaning of section 667.9. Counts 2, 5, 6, 8, 10, and 12 charged defendant with residential burglary (§ 459) and alleged that at the time of the offenses, someone other than an accomplice was present (§ 667.5). It was alleged in counts 2, 6, 8, and 12 that the victims came within the meaning of section 667.9. Count 3 charged defendant with assault by means of force likely to cause great bodily injury. (§ 245.) Count 4 charged him with inflicting harm or injury upon an elder. (§ 368, subd. (b)(1).) Counts 7, 9, and 11 charged defendant with embezzling money of an elder. (§ 368, subd. (d).) Count 14 charged him with street terrorism. (§ 186.22, subd. (a).)

_____

[1] Statutory references are to the Penal Code unless otherwise indicated.

On the morning set for trial, defense counsel initially informed the court that defendant had rejected an offer from the prosecution to plead guilty to three counts of residential burglary, with one 10-year gang enhancement, for a total of 14 years. Both she and the deputy district attorney indicated that this was a potential life case, based on the charge in count 1 with the gang enhancement. Defense counsel also informed the court that the previous day she had spent two hours with the defendant in the courtroom going over the possible plea bargain.

A short time later, defense counsel advised the court that defendant now indicated he wanted to take the 14-year deal. The court responded that, "you can have all the time you want this morning . . . we can hold up anything else and give your client plenty of time to think things over. And when you're satisfied that he's ready to move forward with either a trial or an agreement—by all means, whatever you want to do I'll do." Following a recess, defendant did plead guilty to counts 6, 8, and 10, admitted that the victims were present at the time of the burglaries, and that the offenses were committed for the benefit of a criminal street gang. He received a stipulated prison term of 14 years. Prior to acceptance of the plea, defendant was given waiver forms informing him of the rights he surrendered by pleading guilty, as well as the consequences of a guilty plea. Defendant told the court that he had read, understood, initialed, signed, and dated the forms. In response to the court's inquiries, defendant said he understood he was pleading guilty to three counts of burglary, each with a "violent felony" enhancement and a

gang enhancement. He also said he understood his total sentence would be 14 years in state prison.

Defendant also advised the court that he had discussed the matter fully and completely with defense counsel, and that he was not under any pressure to plead guilty.

Prior to sentencing, defendant filed a motion to withdraw his plea. In support, he filed a declaration stating that since the day he entered his guilty pleas, he learned that he "may have new charges or cases which may be filed against me by the District Attorney's office," and that he did not believe that his pleas to "multiple strikes was in my best interest."[2]

At the hearing on his motion to withdraw his guilty plea, defendant stated he did not violate the law, and he could have prevailed at trial. He also said that he did not have sufficient time to consider the plea agreement, and that the plea was not in his best interest.

The court denied defendant's motion to withdraw his plea. It pointed out that prior to accepting his plea, it had asked defendant several questions to determine his ability to think clearly and to comprehend the consequences of the plea agreement. It concluded that defendant had failed to convince it that the plea was entered into as a result of mistake, ignorance, inadvertence or other factors

---

[2] At a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, conducted prior to formal sentencing, defendant reiterated his concern that there might be another case pending against him. At that time, the court clerk indicated there were no new cases pending against him.

4

showing overreaching.  It was also not convinced that counsel ineffectively represented him in the plea agreement, adding that it was not bound to give full credit to defendant's statements in light of his obvious interest in the outcome of these proceedings.

ANALYSIS

Defendant argues the court erred in denying his motion to withdraw his guilty plea.  We do not agree.

Pursuant to section 1018, mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a plea, but good cause must be shown by clear and convincing evidence.  (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)  The decision whether to allow a defendant to withdraw a guilty or no contest plea is discretionary, and an appellate court will not disturb it absent a showing the trial court has abused its discretion. (*Ibid.*)

To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment.  (*People v. Nance*, *supra*, 1 Cal.App.4th at p. 1456.)  Other factors overcoming defendant's free judgment include inadvertence, fraud or duress. However, "[a] plea may not be withdrawn simply because the defendant has changed his mind."  (*Ibid.*)

The facts defendant presented in support of his motion do not constitute good cause.  His belief that the deal was not in his best interest or his fear that

5

there might be other charges filed against him demonstrate nothing more than that he had second thoughts about his plea. "Buyer's remorse" is not a sufficient basis to set aside the plea. (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
J.

We concur:

RAMIREZ _____
P. J.

McKINSTER _____
J.