Filed 6/27/16  P. v. Griffith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IAN GRIFFITH,<br><br>    Defendant and Appellant. | D068656<br><br><br>(Super. Ct. No. JCF32072) |


APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.


Daniel Yeager, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.


1

Ian Griffith appeals from a judgment following a plea of no contest on one count of battery by an inmate upon a non-confined person (Pen. Code, § 4501.5).[1]  Griffith challenges the trial court's denial of his motion to withdraw his plea.  He contends that he did not understand that the term of his new sentence would run consecutively to his prior sentences.  We conclude that Griffith does not establish an abuse of discretion by the trial court and affirm the judgment.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2012, Griffith was incarcerated at Calipatria State Prison, where he was serving a prison sentence for a 2011 robbery conviction.  During a visit with his wife, Griffith began punching her in the face with both fists until he was subdued by a correctional officer.

An Imperial County Grand Jury returned an indictment charging Griffith with one count of battery on a non-confined person by a prisoner (§ 4501.5).  The indictment also alleged the battery was committed while confined in a state prison (§ 1170.1, subd. (c)) and that Griffith had three prior serious or violent felony convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).  Griffith initially pleaded not guilty.

Following negotiations with the prosecution, Griffith changed his plea.  Griffith agreed to plead no contest to battery of a non-confined person by a prisoner and admitted one prior serious or violent felony conviction allegation.  As part of the plea agreement,

_____

[1] Further statutory references are to the Penal Code.

the prosecution stipulated to a two-year sentence. The sentence was to run consecutively to Griffith's original term and another term for an offense committed while Griffith was imprisoned in Kern County.

Griffith signed and initialed a change of plea form. He initialed the portion of the form where it states the stipulated term would be "consecutive Kern Co. Case DF011292A." He also initialed the box on the form indicating that his attorney explained the consequences of the plea, including the possibility of consecutive sentences. Griffith confirmed that he read and understood the entire contents of the change of plea form. When questioned by the court, Griffith answered in the affirmative when asked whether he understood the stipulated sentence "is [to] run consecutive to a case Mr. Griffith previously caught while in prison in Kern County." The court further clarified that the sentence was "two years consecutive to his Kern County and underlying conviction." His attorney concurred in the plea and in Griffith's waiver of his constitutional rights resulting from the plea of no contest. The court concluded that the plea was "knowing, intelligent, and voluntary" and accepted the stipulation that the grand jury transcript contained a factual basis for the plea.

Approximately three months later, on the date set for sentencing, Griffith informed the court that he wished to withdraw his guilty plea. He explained that he did not understand that the sentence would run consecutively to his other terms and that his attorney did not explain what the term "consecutive" meant. After defense counsel stated that he was not in a position to represent Griffith given his claims, the court appointed a new attorney to represent Griffith.

The subsequently-filed motion to withdraw the plea of no contest was supported by a declaration by Griffith.  Rather than continuing to claim that he did not know the meaning of "consecutive," Griffith explained that his attorney assured him at the time he entered the plea that the imposed sentence would run concurrently to the term for the Kern County conviction.  Griffith further explained that he had a valid self-defense claim because his wife hit him first, she was refusing to testify, and therefore he wished to proceed to trial.

The court denied the motion.  Based on a review of the hearing transcript and the court's own recollection, the court found no basis for concluding that Griffith did not understand the consequences of the negotiated plea.  Griffith then asked the court to review a record from his prison disciplinary hearing suggesting he may have trouble with reading and communicating.  The court reviewed the document, but found that it did not "convince[] the Court that Mr. Griffith did not understand the nature and circumstances of how the plea worked given the record in the case.  So I am not going to change or modify my previous rulings."

Following entry of judgment imposing the two-year prison term, the court granted Griffith's request for a certificate of probable cause to support the challenge to the validity of the plea.

## II.

## DISCUSSION

Pursuant to section 1018, a trial court may permit a defendant to withdraw his or her plea of guilty or no contest upon a showing of good cause made at any time before

4

judgment. The parties agree that the denial of a motion to withdraw a plea is reviewed for an abuse of discretion and we adopt the trial court's factual findings if they are supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

Good cause to withdraw a plea exists only when the defendant was "operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress." (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.) A plea may not be withdrawn simply because the defendant changed his or her mind. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)

Griffith contends that he did not understand what "consecutive" means or, alternatively, that he did not understand that the sentence would run consecutively to his Kern County conviction. He argues he was confused by the "legalese" used by the attorneys and the court to determine his sentence for both in-prison offenses. At the hearing on his motion, he also presented the court with a record from his prison disciplinary hearing that reveals he reads at a fourth-grade level and requires a staff assistant to help with in-prison disciplinary procedures.

We conclude that the trial court did not abuse its discretion in denying the motion to withdraw Griffith's plea of no contest because substantial evidence supports the trial court's finding that Griffith understood that his new sentence was to be consecutive to his existing sentences. The change of plea form expressly states that the prison sentence would be "consecutive to Kern Co. Case DF011292A." Griffith initialed that he understood this sentence and also initialed the form where it states that his counsel informed him of the consequence of consecutive sentences. The trial court relied on its

5

own recollection of questioning Griffith regarding his understanding that he was agreeing to a term of "two years consecutive to his Kern County and underlying conviction" to conclude that there was no misunderstanding as to the terms of sentencing.

The record also supports a finding that Griffith understood the meaning of the term "consecutive." When Griffith initially informed the court that he wished to withdraw his plea, he stated that "I only agreed to take the deal if it was ran concurrent [*sic*]. I didn't know it was consecutive. I wouldn't have taken the plea if I knew it was consecutive." In his declaration in support of the motion to withdraw his plea, he admits to telling his attorney that he would only take a deal "if it was to run concurrently" with his existing sentence.

Even if Griffith does not expressly admit to knowing the definition of "consecutive" in either of these statements, his use of the term, coupled with his use of the term "concurrent," supports an inference that he understood the meaning of both terms and their effect on his incarceration.

Based upon these facts, there is substantial evidence to support the trial court's finding that Griffith was not operating under any mistake or ignorance regarding the consequences of his plea. It was entirely within the trial court's discretion to consider its own observations of Griffith and to find that his self-serving declaration to the contrary was not credible. (See, e.g., *People v. Ravaux* (2006) 142 Cal.App.4th 914, 918.)

Griffith's reliance on a prison record concerning his reading ability and need for staff assistance at disciplinary proceedings does not change the analysis. At most, it reveals that Griffith required assistance to understand legal proceedings against him, *not*

6

that he was mentally incapable of understanding the consequences of his plea. At the time he entered his plea of no contest, Griffith was represented by competent counsel and Griffith acknowledged that his counsel explained the stipulated sentence. There is no record that Griffith had a mental impairment that would prevent him from understanding the consequences of his plea even if his counsel assisted in reading the written change of plea form and explaining the meaning of its terms.

There is no dispute regarding the adequacy of Griffith's representation at the time he changed his plea and agreed to the stipulated sentence. Griffith's new attorney conceded that Griffith's former attorney that represented him at the time of the plea is always "very thorough in his admonitions and his representation of clients."

In light of the record demonstrating that Griffith was represented by competent counsel, that his counsel explained the consequences of his plea and the terms of sentencing, and the court's own recollection that Griffith understood the terms of the sentence, Griffith did not establish by clear and convincing evidence that there is good cause for withdrawal of the plea. (See, e.g., *People v. Archer* (2014) 230 Cal.App.4th 693, 702 [defendant bears the burden of establishing good cause shown by clear and convincing evidence].) Therefore, the court did not abuse its discretion in denying the motion to withdraw the plea of no contest.

## DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


BENKE, Acting P. J.


McDONALD, J.