Filed 3/4/25  P. v. Contreras CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087725 |
| Plaintiff and Respondent, | (Super. Ct. No. DF017785C) |
| v. | |
| VINCENT CONTRERAS, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael Caves, Judge.

Laurel Thorpe, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Detjen, J. and De Santos, J.

## INTRODUCTION

Vincent Contreras (appellant) pled no contest to assault with a deadly weapon by a prisoner (Pen. Code, § 4501, subd. (a))[1] and admitted a personal infliction of great bodily injury enhancement (§ 12022.7, subd. (a)) and a prior strike conviction allegation (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).  He was sentenced to four years in state prison in accordance with his plea agreement.

On appeal, appellant's appointed counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no error and asking this court to review the record and determine if there are any reasonably arguable issues on appeal. Appellant was afforded an opportunity to submit a supplemental letter or brief but failed to do so in the time allotted.

We have conducted an independent review of the record and find no error.  We affirm.

## BACKGROUND

The Kern County District Attorney's Office filed a complaint charging appellant and two codefendants with assault with a deadly weapon by a prisoner (§ 4501, subd. (a); count 1) with an enhancement for personal infliction of great bodily injury (§ 12022.7, subd. (a)), and possession of a weapon in a penal institution (§ 4502, subd. (a); count 2). The People also alleged appellant suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction (§ 667, subd. (a)).

Pursuant to a negotiated plea agreement, appellant pled no contest to count 1 and admitted the great bodily injury enhancement and the prior strike allegation in exchange for a four-year prison sentence.  The People also agreed the remaining charges and

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

allegations would be dismissed.[2]  Defense counsel stipulated there was a factual basis for the plea based on the discovery provided.[3]

At sentencing, appellant requested to withdraw his plea, claiming he was only involved in a "fist fight" and did not "stab" anyone.  The trial court denied the request because it was based solely on information appellant was "aware of at the time the plea was taken."  (See *People v. Nance* (1991) 1 Cal.App.4th 1453, 1456 ["A plea may not be withdrawn simply because the defendant has changed his mind"].)

Appellant was sentenced in accordance with the terms of his plea agreement.  The trial court imposed the low term of two years on count 1, doubled to four years based on his prior strike conviction.  (§§ 667, subd. (e)(1); 1170.12, subd. (c)(1).)  Punishment on the great bodily injury enhancement was ordered stricken.  (See § 1385, subd. (b)(1).)

## DISCUSSION

As noted above, appellant's counsel filed a *Wende* brief identifying no error and asking this court to review the record to determine whether there are any arguable issues on appeal.  We have conducted an independent review of the record.  We find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

[2]  Appellant's codefendants agreed to the same negotiated disposition.

[3]  The facts underlying appellants charges and conviction are not set forth in the record on appeal.